THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ROBERT ORR, Appellant.

County Court, Madison County, December, 1930.

*Daniel F. Mathews*, for the appellant.

*Albert F. Devitt, District Attorney*, for the respondent.

CAMPBELL, J. Defendant appeals from a judgment of conviction for violation of subdivision 5 of section 70 of the Vehicle and Traffic Law. He was tried by a Court of Special Sessions and a jury which finally rendered a verdict of guilty.

Two grounds of alleged error are raised on this appeal: *First.* That no crime was committed. *Second.* That defendant was placed in double jeopardy in violation of his constitutional rights.

The statute defines two distinct circumstances that constitute a violation under subdivision 5 of section 70 of the Vehicle and Traffic Law:

*First.* Leaving the place of accident by the operator, knowing that damage has been done due to his culpability.

*Second.* Where there has been an accident with or without the fault of the operator and he knows that damage has been done. If he fails to report in either case it constitutes a violation of the section.

The evidence would indicate that defendant was on his side of the highway and was not at fault for the accident and the jury seems to have been confused and reported a verdict of " No cause of action." They were apparently under the impression that it was a civil matter and since the defendant was not at fault for the accident he should not be held criminally liable. However, it appears positively from the evidence that he left the scene of the accident and did not report as the law requires. This section was enacted for the protection of the public and even though the defendant was not at fault, he is required to make a report of the accident in order that all available information and evidence may be obtained for the purpose of establishing guilt or blame where it may properly lie, and assist the proper authorities in obtaining such important information.

Therefore, although the defendant was not at fault in causing the accident, he is guilty of the crime specified under the statute.

It clearly appears from the return of the justice that the jury was at first confused and misled as they reported no cause of action and that they considered the complainant to blame for the accident. The justice informed them that they were not trying a civil action. He then asked the foreman whether the verdict was guilty or not guilty. The foreman replied, " Not guilty." Thereupon the court said he would have to discharge the defendant from arrest but at once said, " I will withdraw the discharge." The return states that the court became suspicious that the verdict was not correct, he then polled the jury and found that the jury stood five for acquittal and one for conviction. The justice then explained the law to the jury, they retired and returned a verdict of " Guilty," recommending mercy.

It is the contention of the defendant that since he was discharged upon a report of " Not guilty " by the foreman, further deliberation of the jury was improper and unconstitutional and constituted double jeopardy.

There are several sections of the Code of Criminal Procedure bearing upon this question. Sections 451, 452 and 719 have been cited and referred to upon this appeal. Sections 451 and 452 are a part of the Code of Criminal Procedure relating to proceedings in criminal actions prosecuted by an indictment. Section 719 is in the 5th subdivision of the Code of Criminal Procedure and relates to proceedings in Special Sessions and Police Courts. Section 719 states: " When the defendant is acquitted, either by the court or by a jury, he must be immediately discharged."

There are also sections 714 and 715 of the Code of Criminal Procedure. These sections provide how a verdict should be

returned and the jury discharged. Section 714 reads: " When the jury have agreed on their verdict, they must deliver it publicly to the court, which must enter it in its minutes."

The report, when agreement is reached, must be public. The most essential reason for making the verdict public would seem to avoid any mistake or deception. The foreman did not render the true verdict of the jury when he reported, " Not guilty." To my mind the section clearly implies and it was the duty of the court to enter the true verdict upon his minutes. If suspicion or doubt was aroused he was well within his rights in polling the jury. The trial was not completed until the verdict was entered and the jury discharged, or, had the jury been discharged before the verdict was entered, that would have been sufficient to complete the trial. Giving a broad construction to section 714, the trial was not concluded when the jury was sent back, and, therefore, there can be no double jeopardy. No substantial right of the defendant was jeopardized and the judgment of the lower court must be affirmed.