THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ARTHUR ERICSON, Defendant.

County Court, Delaware County, June 14, 1938.

*Gleason B. Speenburgh, District Attorney,* for the plaintiff.

*Govern & McClenthen,* for the defendant.

O'CONNOR, J.   This is an appeal from the judgment convicting the defendant of the crime of leaving the scene of an accident without stopping and reporting as provided in subdivision 5-a of section 70 of the Vehicle and Traffic Law.

On the evening of April 16, 1938, the complainant, Kenneth McLean, was driving his automobile in a southerly direction along the public highway known as the Township road in the town of Stamford and the defendant was driving in an opposite and northerly direction along said highway.   As the two cars passed, the rear bumper of the defendant's car came into collision with the front wheel of the complainant's car and caused complainant's car to cross to its left side of said highway and collide head-on with the automobile of Dayton Burlarley, which was then following the car of the defendant and going in the same direction.   The defendant was found guilty by a Justice's Court of the town of

Stamford after a trial without a jury and was fined ten dollars and sentenced to thirty days in the Delaware county jail. The jail sentence was suspended.

The warrant for the arrest of the defendant was issued upon the information of complainant and no depositions supporting the information were taken by the justice. The information charged that the defendant committed the crime of violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law in that he did on April 16, 1938, at the Hobart township road in the town of Stamford, county of Delaware, N. Y., at about eleven o'clock P. M., wrongfully, unlawfully, willfully, maliciously and knowingly hit Kenneth McLean's car and did not stop to see how much damage he had done. Although the information was rather crudely drawn, it was sufficient to inform the defendant of the crime with which he was charged and justified the issuance of a warrant by the magistrate. The information was sufficient to give the justice jurisdiction without his taking the deposition of witnesses. (*People ex rel. Livingston* v. *Wyatt*, 186 N. Y. 383.)

There is a question as to whether the evidence was sufficient to establish that the defendant knew that damage had been caused to property by the accident. The evidence on the part of the complainant was that the defendant was operating his automobile in a northerly direction at a rapid rate of speed in the center of the highway; that the defendant turned his car to the right to get over on his right-hand side of the highway; that his rear bumper caught the left front wheel of complainant's car so as to cause the tire on that wheel to blow out and complainant's car to go across to the left-hand side of the road and crash head-on into the automobile operated by Dayton Burlarley. Both the complainant's car and the Burlarley car were quite badly damaged. The defendant did not stop but kept on going and was found later in a road house some distance from the scene of the accident.

The evidence on the part of the defendant was that he and the occupants of his car heard a click, evidently caused by the rear fender of defendant's automobile striking the front wheel of complainant's automobile, but that defendant did not know that any damage had been caused by the collision. He admits he did not stop to ascertain whether any damage had been caused but continued on his way.

Defendant claims he should not have been convicted because it was not established that he knew that damage had been caused to property by the accident. While it was incumbent upon the part of the People to establish to the satisfaction of the court beyond a reasonable doubt that the defendant knew that damage

had been caused to property, we are of the opinion that this was a question of fact and not one of law, and that the judgment of conviction should not be reversed unless it is perfectly apparent that there was not sufficient evidence to sustain the conviction.

The defendant, according to his own testimony, knew that his car had come into contact with that of the complainant. There is no contention on his part that he looked back to see whether any damage had been done by the collision. If the defendant had looked back and seen the complainant's automobile proceeding along the highway without stopping, he probably would have been justified in assuming that no damage had been done. Such was not the case. The complainant's automobile immediately after it collided with that of the defendant's ran across the road and head-on into the Burlarley car. Had the defendant looked back after he heard the click he would have seen this collision between the complainant's car and that of Burlarley and would have known that damage had been caused by reason of the accident. It would seem as if the sound of the collision between complainant's automobile and that of Burlarley, in view of the damage sustained by both of these automobiles, and the collision happening so soon after defendant's automobile struck complainant's car, would have attracted the attention of the defendant. The defendant cannot escape liability by claiming he did not know that damage had been done when he knows his car has come in contact with another unless he takes proper steps to ascertain whether or not damage has been done. It makes no difference that the damage was not done to the automobile or property of the owner of the automobile with which the defendant's car comes in contact. If damage is done to the property of another by reason of the collision, the defendant is obligated under the terms of the statute to stop and report. Under the circumstances in this case the defendant cannot be excused for failing to stop and ascertain whether damage had been caused by the accident or not.

Judgment of conviction should be affirmed and order entered accordingly.