Jomsr F. Reed, Jr., J.
The defendant is charged with a violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law, leaving scene of accident without reporting.
It appears from the evidence that on the evening of March 21, 1959, at about 11:35 p.m., the defendant, while operating her automobile on Carpenter Avenue, in the Village of Mount Kisco, New York, struck a car that was parked at the curb.
The evidence shows that the property damage to the parked car amounted to the sum of $554.40, and the damage to the defendant’s car was in the amount of $739.
The testimony revealed that after the accident, the defendant backed her car up and proceeded in a southerly direction down Carpenter Avenue to Main Street and then proceeded on East *676 Main Street, past the police station and was apprehended by the police approximately a block and one half therefrom.
The testimony further revealed that the defendant’s car was making such a loud noise from the damage sustained, together with a flat tire, that it attracted the attention of the officer on the desk in the police station, who alerted the officers in the patrol ear, who apprehended the defendant. The entire incident, from the time of the crash to the apprehension, approximated five minutes.
Subdivision 5-a of section 70 of the Vehicle and Traffic Law provides: ‘ ‘ Leaving scene of accident without reporting. Any person operating a motor vehicle or motor cycle who, knowing that damage has been caused to the real property or to the personal property, not including animals, of another, due to the culpability of the person operating such motor vehicle or motor cycle, or to accident, leaves the place where the damage occurred without stopping, exhibiting his license and giving his name, residence, including street and number, and license number to the party sustaining the damage, or to a police officer, or in case no police officer nor the person sustaining the damage is present at the place where the damage occurred when reporting as soon as physically able the same to the nearest police station, or judicial officer, shall be guilty of a misdemeanor. Any person operating a motor vehicle or motor cycle who, knowing that injury has been caused to a person, due to the culpability of the person operating such motor vehicle or motor cycle, or to accident, leaves the place of said injury or accident, without stopping, exhibiting his license and giving his name, residence, including street and street number, and license number, to the injured party and also to a police officer, or in case no police officer is in the vicinity of the place of said injury or accident, then reporting as soon as physically able the same to the nearest police station or judicial officer, is guilty of a misdemeanor. ’ ’
This section, which requires a motorist involved in a collision to give specific information, lays down specific alternative steps to be taken—
1. Motorist must stop and give required information to the person sustaining the damage ;
• 2. Or to a police officer, if he is present;
3. If none is present, then the motorist is to report the accident as soon as physically able to the nearest police station.
The ?».im of the statute is to punish for leaving the scene of an accident without reporting. It is designed to prohibit negli *677 gent or wanton drivers from seeking to evade civil or criminal consequences by escape before identity can be established.
The statute, being a misdemeanor under the Vehicle and Traffic Law, it-was necessary for the People to prove beyond a reasonable doubt, each and every essential element of the crime. The statute is malum prohibitum, and therefore, no intent to commit a crime need be established. (Gardner v. People, 62 N. Y. 299.) However, the evidence must show the intentional doing of the act itself, regardless of whether the defendant intended to commit the crime resulting from the intentional act. (People v. Anderson, 210 App. Div. 59, affd. 239 N. Y. 534.)
The accident itself was not a trivial one. It can well be termed one of severe impact, in which the damage to both motor vehicles totaled over $1,200. There was no testimony offered as to any negligence on the part of the defendant and the presence of alcohol was negated by the testimony.
The evidence fails further to disclose any wanton fleeing on the part of the defendant in an effort to avoid responsibility for the happening of the accident. To the contrary, she proceeded down the main street of the village, passed police headquarters and her apprehension was only a block and one half therefrom. The testimony showed that the defendant suffered a blow on the head and a cut lip which required suturing. Further, when she was brought to headquarters, she was bleeding from the mouth and the interrogating officer advised her to get medical attention.
The medical evidence produced by the defendant shows further that some two hours after the accident the defendant was in a dazed condition and suffering from emotional shock.
The Legislature, in enacting this statute, no doubt foresaw that cases would arise where, due to physical injuries sustained, it would be impossible for a person to immediately report an accident. As a consequence, the words 1 ‘ physically able ’ ’ were included therein. From this the court can rightfully assume that in construing this statute, where personal injuries are sustained by the operator of a motor vehicle, a person has a reasonable time to report an accident, having in mind the prevailing circumstances.
As the evidence shows, an interval of five minutes elapsed between the happening of the accident and the apprehension of the defendant. It may be that due to the alertness of the policemen involved a violation of this statute may have been prevented.
Upon all the facts and circumstances, and having in mind the time interval involved and the personal injuries sustained by *678 the defendant, the court is of the opinion that reasonable doubt exists as to whether the defendant’s acts in this case constituted a violation of the statute.
Under the law, this doubt must be resolved in favor of the defendant. Consequently, the defendant is found not guilty and she is discharged from custody.