THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD EDWARDS, Appellant.

County Court, Schenectady County, June 15, 1962.

*David Alford* for appellant. *D. Vincent Cerrito, District Attorney* (*Frank Parisi* of counsel), for respondent.

148

ARCHIBALD C. WEMPLE, J. The defendant's appeal contends that certain errors were committed on the trial as to the charges of the Judge concerning knowledge of the commission of the alleged crime. Section 600 of the Vehicle and Traffic Law states that, "Any person operating a motor vehicle or motorcycle who, knowing that damage has been caused to the * * * property * * * of another, due to the culpability of the person operating such motor vehicle or motorcycle, or to accident, leaves the place where the damage occurred without stopping, exhibiting his license and giving his name, residence, including street and number, and license number to the party sustaining the damage, or to a police officer, or in case no police officer nor the person sustaining the damage is present at the place where the damage occurred then reporting as soon as physically able the same to the nearest police station, or judicial officer, shall be guilty of a misdemeanor".

The facts deduced on trial showed that the defendant, while passing the complainant's car as they both travelled westerly along the Mariaville Road, struck the complainant's car three distinct times. The sounds of the crash were described as "bang", "bang", "bang". The complainant gave chase to the defendant until the defendant turned into a parking lot of a place of business known as Hilderbrand's. The distance between Hilderbrand's and the place of the accident was not far, and upon accosting the defendant, complainant accused him of striking his vehicle.

Charges to the jury as to violation of section 600 which were excepted to are as follows: The defendant's attorney requested charges pertaining to time of knowledge of accident, if any, and effect thereof. These requests were refused.

The question of knowledge, and when the defendant must have the knowledge, is not covered in section 600 of the Vehicle and Traffic Law. The courts have held that knowledge must be sufficient to that which a reasonable man must know. (*People* v. *Hakala*, 270 App. Div. 612.) And they have further held that the defendant's knowledge on the question of fact should be decided by the jury. (*People* v. *Ericson*, 168 Misc. 51). In this case the jury heard the testimony of the witnesses, and of the trooper concerning the damage to the complainant's car, as well as to the defendant's truck. From that it was adduced that the defendant should have had knowledge sufficient to that which

a reasonable man must know concerning this accident, and he, still with this knowledge, did not report the accident. Thus, he violated section 600 of the Vehicle and Traffic Law.

No other errors alleged prejudiced any substantial rights of the defendant. Judgment should be affirmed in all respects on the law and facts.