■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID SPIEGELMAN, Appellant.— Appeal by defendant from a judgment of the former Court of Special Sessions of the City of New York, County of Kings, rendered June 21, 1961, convicting him of a violation of section 600 of the Vehicle and Traffic Law (leaving the scene of an accident without reporting); sentencing him to pay a fine of $100 or, in the alternative, to serve 30 days in the City Prison; and revoking his license to operate a motor vehicle. The fine was paid. Judgment reversed on the law and the facts; information dismissed; fine remitted; and the revocation of defendant's license vacated. Upon the facts in this record, it does not appear that the defendant knew that an injury had been caused or that he had left the place of the accident without stopping. Beldock, P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.

■ CHARLES SACHS et al., Respondents, v. AMERICAN CENTRAL INSURANCE COMPANY et al., Appellants, et al., Defendants.— In an action to recover upon fire insurance policies (first cause of action) and to recover damages arising from an alleged breach by defendant Marcato Elevator Company, Inc., of an elevator maintenance contract (second cause of action), the court, after a nonjury trial, found in favor of plaintiffs on the first cause of action and in favor of defendant Elevator Company on the second cause of action (see 33 Misc 2d 816, 34 Misc 2d 687), and judgment of the Supreme Court, Kings County, was entered accordingly on May 10, 1962. On plaintiffs' appeal, this court previously affirmed so much of the judgment as is in favor of the Elevator Company and against the plaintiffs (18 A D 2d 841). The instant appeal is by the defendant insurance companies from so much of the judgment as is against them and in favor of the plaintiffs. Each of the fire insurance policies contained a clause under "Exclusions" which provided: "Electrical Apparatus Clause: This Company shall not be liable for any loss resulting from any electrical injury or disturbance to electrical appliances, devices or wiring from artificial causes unless fire ensues and, if fire does ensue, this Company shall be liable only for its proportion of loss caused by such ensuing fire." The Trial Justice held that the burden was on the defendant insurance companies to prove that the loss came within this exclusionary clause. He found as a fact that a fire had occurred in the elevator motor room in plaintiffs' premises, causing damage to the equipment therein; that it was not possible to determine whether the fire preceded or followed a short circuit of the elevator equipment wiring; and that plaintiffs were entitled to recover on the first cause of action since the insurance companies had failed to sustain their burden of establishing that the loss fell within the exclusion (see 33 Misc 2d 816, 34 Misc 2d 687, *supra*). Judgment, insofar as appealed from, affirmed, with costs. No opinion. Ughetta, Acting P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.

■ WILLIAM WEBBER, JR., an Infant, by His Guardian ad Litem MARCELINA WEBBER, et al., Respondents, v. JOSEPH P. DENNING, Appellant.— In a negligence action, the defendant appeals from an order of the Supreme Court, Queens County, dated January 4, 1963, which granted plaintiffs' motion for summary judgment and directed an assessment of damages, pursuant to rule 113 of the Rules of Civil Practice. Order reversed, without costs, and motion denied. In our opinion, under all the circumstances presented by this record, triable issues of fact exist as to whether or not the defendant acted with reasonable care. Ughetta, Acting P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.