■ JOSEPH FORNARO, as Administrator of the Estate of JOSEPH FORNARO, JR., Deceased et al., Respondents, v. JILL BROS., INC., Appellant, et al., Defendant.— In an action against a corporate defendant, the New York owner of an automobile, to recover damages for the wrongful death of a five-year-old passenger resulting from an accident which occurred in the State of New Jersey while the automobile was being used with the corporate owner's permission by a third person on a personal shopping trip wholly within that State, the said corporate defendant appeals from a judgment, of the Supreme Court, Kings County, entered February 18, 1964, after trial, upon a jury's verdict in favor of the plaintiffs against it, as amended by an order of said court dated March 24, 1964. Judgment, as amended, reversed on the law, without costs; and complaint dismissed, without costs. No questions of fact were considered. The defendant Jill Bros., Inc., which is a New York corporation with substantial property and business interests in this State, owns a country place near Salem, New Jersey, which is occupied by members of the Jill family. The corporation also owns an automobile which is customarily used in New Jersey by the other named defendant, Eleanor Jill, deceased's aunt, who was named a defendant but who was not served with process in the action. At the time of the accident, the deceased, with his parents and sister, residents of the State of New York, were in New Jersey on a customary visit to the Jills, who were relatives of the plaintiffs (the Fornaros). The accident, which resulted in the infant's death, occurred on Saturday, June 25, 1960. The deceased and the other members of the Fornaro family had arrived at the Jill country place the previous evening. The next morning deceased's aunt (Eleanor Jill) took the deceased on an automobile trip to a supermarket in Salem in order to get food for the family. The accident happened on the return trip to the Jill residence. Upon the trial the court ruled, and subsequently charged without exception, that the law of New Jersey was applicable on the issue of liability because the accident had happened in that State. In our opinion such ruling and charge were proper, although not for the reason stated. The traditional doctrine in this State — that the place of the injury governs all substantive issues in tort cases (see *Kilberg* v. *Northeast Airlines,* 9 N Y 2d 34, 38) — has given way to the rule that "controlling effect" is to be given "to the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation" (*Babcock* v. *Jackson,* 12 N Y 2d 473, 481). This is the so-called "center of gravity" or "grouping of contacts" doctrine. In our opinion, the dominant contacts and the "center of gravity" of this occurrence were in the State of New Jersey; hence, the law of that State is applicable. Under the law of New Jersey the mere giving of consent to operate a vehicle does not, in and of itself, create liability on the part of the owner for the acts of the driver where at the time of the accident the vehicle was not in use on the owner's business (*Ruchlin* v. *A. G. Motor Sales,* 127 N. J. L. 378; *Spelde* v. *Galtieri,* 102 N. J. L. 203; *Schimek* v. *Gibb Truck Rental Agency,* 69 N. J. Super. 590; *Sheehan* v. *McGowan,* 49 N. J. Super. 1). It follows, therefore, that the corporate defendant's motion at the end of the case to dismiss the complaint should have been granted. The theory upon which the action was tried and submitted to the jury and in which the plaintiffs acquiesced was that, on the question of liability, the law of New Jersey is applicable. The parties thus established the law of the

case; and, in the circumstances, plaintiffs cannot now claim that the law of New York is to be applied (*Deso* v. *London & Lancashire Ind. Co.*, 3 N Y 2d 127, 131; *Kluttz* v. *Citron*, 2 N Y 2d 379, 384; *Brown* v. *Du Frey*, 1 N Y 2d 190, 195). In any event, it has been repeatedly held that the New York statute here invoked by the plaintiffs, which imposes liability upon an owner of a vehicle for the negligence of any person using it with his permission, applies only to "a vehicle used or operated in this State" (Vehicle and Traffic Law, § 388, formerly § 59; *Selles* v. *Smith*, 4 N Y 2d 412, 414; *Cherwien* v. *Geiter*, 272 N. Y. 165, 169; *Miranda* v. *Lo Curto*, 249 N. Y. 191, 192). Ughetta, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur. [42 Misc 2d 1031.]