James J. CAMPBELL, as Administrator of the Estate of Margaret C. Campbell, deceased, James J. Campbell and Marjorie Campbell, Plaintiffs,

v.

WESTMORELAND FARM, INC., James A. Roe, Sr., James A. Roe, Jr., Marie Roe, Frances Kesler, Fred Hansen, John H. Biedul, Vincent Caccese, Sr., Vincent Caccese, Jr. and Thomas O'Brien, Defendants.

No. 67–C–1.

United States District Court
E. D. New York.

June 14, 1967.

Shayne, Dachs, Weiss, Kolbrener & Levy, Mineola, N. Y., for plaintiffs; Norman H. Dachs, Mineola, N. Y., of counsel.

Daniel J. Coughlin, New York City, for defendants Westmoreland Farm, Inc.,

James A. Roe, Sr., James A. Roe, Jr., Marie Roe, Frances Kestler (sued herein as Frances "Kesler"), Fred Hansen and John H. Biedul; Patrick J. Hughes, New York City, of counsel.

BARTELS, District Judge.

This is a diversity action [1] for wrongful death and mental suffering against the owners of two vehicles and two unidentified drivers among a list of other defendants. Plaintiffs apparently do not know which vehicle caused the accident or who was the driver. The complaint alleges three causes of action, the first by the administrator for wrongful death of his daughter Margaret C. Campbell predicated upon the negligence of the operator or operators of the offending vehicle or vehicles under New York Decedent Estate Law, McKinney's Consol. Laws, c. 13 §§ 130–133, and the second and third separately stated, respectively, by the father and mother of the victim, predicated upon the results of the culpable action of the operator or operators of the offending vehicle or vehicles in leaving the scene without stopping and reporting the accident, his name, address and license number. This failure, they allege, caused an investigation by the authorities including a Grand Jury investigation requiring the participation of both the father and mother and causing extensive newspaper publicity which in turn caused both the father and mother mental and emotional anguish and in addition caused the father to suffer a coronary attack.

Certain of the defendants (who may be designated as the Westmoreland Group)

move pursuant to Rule 12(b) (6), Fed. Rules Civ.Proc., 28 U.S.C.A., to dismiss all three causes of action as to them upon the ground that they state no claim against these defendants. The objections to the first cause of action and the objection to the claim of conspiracy to conceal the identity of the wrongdoer in the two remaining causes of action were obviated at the hearing, leaving for disposition the attack against the remaining allegations in the second and third causes of action.

It is quite clear that under the New York wrongful death statute recovery is limited to pecuniary injuries and there is no indemnification for loss of the comfort and society of the decedent or similar non-pecuniary losses. Fornaro v. Jill Bros. Inc., 1964, 42 Misc.2d 1031, 249 N.Y.S.2d 833, rev'd on other grounds, 22 A.D.2d 695, 253 N.Y.S.2d 771, affirmed, 1965, 15 N.Y.2d 819, 257 N.Y.S.2d 938, 205 N.E.2d 862. Realizing this, it appears that the individual plaintiffs have cast the second and third causes of action in an entirely different mold. In doing so, however, they cannot under the circumstances set forth any claim that is causally connected with the wrongful death and must limit their cause of action to the breach of an independent duty to the plaintiffs which caused the injury. As a matter of law, the Court has difficulty in finding either such a duty or any causal connection with the alleged mental injuries which would permit recovery.

The only obligation on the part of the defendants to identify themselves appears in Section 600 of the New York Vehicle and Traffic Law,[2] McKinney's

1. All parties proceed upon the assumption that New York law is applicable, and in fact the record indicates that the contacts in New York are sufficient to justify the application of that law since there is diversity of citizenship and the accident occurred in New York.

2. The pertinent portion of this section reads:

"Any person operating a motor vehicle or motorcycle who, knowing that injury has been caused to a person, due to the culpability of the person operating such

motor vehicle or motorcycle, or to accident, leaves the place of said injury or accident, without stopping, exhibiting his license and giving his name, residence, including street and street number, and license number, to the injured party and also to a police officer, or in case no police officer is in the vicinity of the place of said injury or accident, then reporting as soon as physically able the same to the nearest police station or judicial officer, is guilty of a misdemeanor."

Consol.Laws, c. 71 which requires such identification. However, this identification is to be made to the injured party or the authorities and not to the relatives of the injured party, to whom there is no duty. The purpose of the section is to prevent negligent motorists from seeking to evade civil or criminal consequences by leaving the scene without making the required report including their identification (People v. Leigh, 1959, 19 Misc.2d 675, 189 N.Y.S.2d 573; People v. Hampton, 1960, 22 Misc.2d 432, 197 N.Y.S.2d 959) and its mandate is applicable to both motorists who are as well as those who are not at fault for the accident (People v. Orr, 1930, 138 Misc. 535, 246 N.Y.S. 673). While a violation of the statute constitutes a misdemeanor, it contains no language creating any cause of action on behalf of the injured party and certainly not on behalf of his relatives. This is illustrated by the fact that no violation of the statute occurs if a culpable motorist leaves the scene of an accident without knowing that there has been any damage or injury sustained. People v. Spiegelman, 1963, 19 A.D.2d 538, 240 N.Y.S.2d 40; People v. Edwards, 1962, 35 Misc.2d 147, 228 N.Y.S.2d 968, rev'd on other grounds, 1963, 12 N.Y.2d 969, 238 N.Y.S.2d 962, 189 N.E.2d 496. It would be strange if an injured plaintiff could recover when a culpable motorist left the scene with knowledge of the injury but could not recover if the same motorist departed from the scene without such knowledge—although the injury would be the same in both cases.

Accordingly, if the plaintiffs are to recover in their second and third causes of action, they must find some common law duty owed by the defendants not to leave the scene of the accident without identification. No authority for any such obligation in common law has been discovered and one cannot infer or formulate such a duty on the basis of foreseeability of possible harm to plaintiffs from defendants' conduct (see, Poplar v. Bourjois, Inc., 1948, 298 N.Y. 62, 80 N.E. 2d 334; Palsgraf v. Long Island R. Co.,

1928, 248 N.Y. 339, 162 N.E. 99, 59 A.L. R. 1253. The only foreseeable harm that could result to the close relatives of a victim by a motorist who leaves the scene of an accident without identifying himself, is the risk of depriving these relatives of their ability to collect damages. In this case common sense dictates that the mental injury sustained by the plaintiffs was traceable to the death of the child and not to the independent post-accident wrong of the defendants in leaving the scene without identifying themselves.

Plaintiffs gloss over this gap by strongly emphasizing the fact that recovery is permitted in New York for mental and emotional injury without impact or contact, resulting from a defendant's negligence, citing Battalla v. State, 1961, 10 N.Y.2d 237, 219 N.Y.S.2d 34, 176 N.E.2d 729; Haight v. McEwen, 1964, 43 Misc.2d 582, 251 N.Y.S.2d 839, and Halio v. Lurie, 1961, 15 A.D.2d 62, 222 N.Y.S.2d 759. It is well established by these cases that freedom from mental disturbance without the requirement of physical contact or injuries is now a protected interest in New York. But this principle does not eliminate the necessity of establishing a causal connection and such mental disturbance must consequently be directly traceable to the defendants' wrongful act and not to the consequence of some intervening or subsequent cause (see, Garrison v. Sun Printing & Pub. Assn., 1912, 207 N.Y. 1, 100 N.E. 430, 45 L.R.A.,N.S. 766). In other words, in all of the above cases there was a link in the chain of causation between the wrongful act and the mental injury, which is missing under the facts alleged by plaintiffs. Since mental disturbance is easily simulated, not only should such injury be marked by some physical symptoms but there should also be some comprehensible link between such injury and the alleged wrongful act.

In Kalina v. General Hospital of City of Syracuse, 1961, 31 Misc.2d 18, 220 N.Y.S. 2d 733, affirmed, 18 A.D.2d 757, 235 N.Y. S.2d 808, affirmed, 1963, 13 N.Y.2d 1023, 245 N.Y.S.2d 599, 195 N.E.2d

309, the court denied recovery to Jewish parents suing in their own behalf for the failure of a defendant hospital, in violation of their instructions, to ritually circumcize their son. In that case the mental suffering had a more proximate connection to the defendant's conduct than in the present case. Nevertheless, the plaintiffs there as here were considered only as bystanders at the event, as that phrase is used. To this obstacle must also be added the fact that the alleged cause for plaintiffs' mental suffering is several steps removed from the defendants' culpable action in leaving the scene. Thus the conclusion follows that any mental or emotional injury to the plaintiffs cannot be traceable to the defendants' wrong, assuming that such wrong constituted the breach of any duty to the plaintiffs. Cf., Lula v. Sivaco Wire & Nail Co., S.D.N.Y.1967, 265 F. Supp. 222.

Defendants' motion to dismiss is granted. This is an order.