JOAN C. REED, as Administratrix of the Estate of WILLIAM REED, Deceased, Respondent, v COUNTY OF SCHOHARIE et al., Appellants.

Third Department, April 22, 1976

*Hesson, Ford, Sherwood & Whalen (Thomas A. Ford* of counsel), for County of Schoharie, appellant.

*Schrade & Kimmey (Karl H. Schrade* of counsel), for John Goldswer, appellant.

*Maynard, O'Connor & Smith (John A. Murray* of counsel), for Albany Medical Center Hospital, appellant.

*Daniel H. Mahoney* for respondent.

SWEENEY, J. The underlying action is one for wrongful death based on various acts of negligence on the part of the three named defendants. The decedent was survived by his father and several sisters and a half brother. The defendants moved for, among other things, an order striking certain portions of the complaint and the bill of particulars which allege the action is brought on behalf of decedent's sisters and half brother. Special Term denied the motion.

Defendants urge that the complaint is ambiguous since it alleges also that the father of the decedent is a distributee. It is defendants' contention that the father, by statute, is the sole distributee and it must first be determined whether or not he is disqualified before the sisters and half brother are entitled to share in any recovery in the wrongful death action. The damages in such action are the "fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought." (EPTL 5-4.3.) While the parent is designated as the sole

beneficiary under circumstances such as the present (EPTL 4-1.1, subd [a], par [4]), the statute further provides that such parent shall have no distributive share if he had abandoned such deceased child during his infancy. (EPTL 4-1.4; 5-4.4.) It is plaintiff's contention, although not alleged in the complaint, that the father abandoned the decedent, who was 18 at the time of his death.

In urging affirmance, plaintiff maintains that it is only after damages have been recovered in the wrongful death action that the question of the father's disqualification is to be decided. We disagree. The authorities upon which plaintiff relies deal with situations where there is no dispute as to who are the legal distributees, and where the issue involved is one of damages. Under such circumstances, the authorized statutory procedure is first to determine the damages and, thereafter, the pecuniary loss, if any, of each distributee. (EPTL 5-4.4, subd [a], par [2].) In the instant case, however we have a threshold conflict between two mutually exclusive categories of alleged distributees. If the father is a distributee as alleged, the siblings, by statute, are not, unless it is determined that the father is disqualified. No such determination has been made. In other words, we are dealing with pleadings which clearly contain allegations that are legally unsustainable. Either the father is a distributee, or the siblings are the distributees. Both cannot be. The statutory procedure for distributing the damages recovered cannot be applied until the issue of who are decedent's legal distributees is first determined.

Defendants, in our view, are entitled to know, prior to trial, who are decedent's distributees in order to properly defend the action. The size of the verdict could well be influenced by the distributee factor. Furthermore, where mutually exclusive groups of distributees are alleged, evidentiary problems will be presented if the action is allowed to proceed to trial in that posture. If the father is the distributee, it is generally immaterial whether the decedent had brothers and sisters. *(Warrington v New York Power & Light Corp.,* 252 App Div 364.) Under certain circumstances, testimony as to the number and needs of brothers and sisters of a decedent would be prejudicial. *(Chilelli v Long Is. R. R. Co.,* 271 App Div 894.) On the other hand, once it is determined that the father had abandoned the decedent, the evidence of his existence is irrelevant. Consequently, we are of the opinion in this factual situation

that it must first be determined whether the father had abandoned decedent and thereby forfeited his right to a distributive share. The matter, therefore, should be remitted to Special Term for such determination, either there or in Surrogate's Court.

The order, insofar as appealed from, should be reversed, on the law, without costs, and the matter remitted to Special Term for further proceedings not inconsistent herewith.

KOREMAN, P. J., KANE, MAHONEY and LARKIN, JJ., concur.

Order insofar as appealed from reversed, on the law, without costs, and matter remitted to Special Term for further proceedings not inconsistent herewith.