■ ERNEST JACOBS, as Administrator of the Estate of LESLIE JACOBS, Deceased, Appellant, v JOHN J. HANOFEE et al., Respondents.—Appeal from a judgment of the Supreme Court, entered July 23, 1975 in Sullivan County, upon a verdict in favor of plaintiff rendered at a Trial Term. Decedent died instantly as a result of a two-car automobile accident at about 3:00 A.M. on January 30, 1971 while she was riding as a passenger in a vehicle owned by her mother and operated by one John Hanofee. At the time of her death she was 21 years of age and a student at the Sullivan County Community College. In this action by her father, as administrator of her estate, against her mother and Hanofee, the jury has rendered a verdict in favor of plaintiff in the sum of $15,000 which included funeral expenses. On appeal a new trial is sought, first, on the ground that the verdict is grossly inadequate, and, secondly, that plaintiff was denied a fair trial because of prejudicial and inflammatory remarks made by defense counsel in summation. We may easily dispose of this latter issue for a reading of defendant's summation in the context in which it was presented fails to reveal impropriety in counsel's argument that can be deemed so prejudicial as to require a new trial. The question of the adequacy of the verdict is more troublesome. The standard by which damages are to be measured in wrongful death actions is fixed by statute (EPTL 5-4.3) as the "fair and just compensation for the *pecuniary* injuries resulting [to the distributees] from the decedent's death" (emphasis supplied); in this case, the decedent's mother and father. The record reveals that the father is a retired New York City police officer who was 52 years old at the time of the accident and working as a driver and trainer of harness horses. His testimony described the supposed monetary assistance rendered to him by decedent throughout her youthful years and during the

periods she was attending college up to the time of her death. It is abundantly clear the jury rejected this testimony as improbable which, of course, they have the perfect right to do in passing upon the credibility of any witness. Other evidence indicated the decedent, who did not live at home, was self-supporting and living her life independent of that of her family. Since the determination of the amount of compensation to be made must rest in the sound judgment and good sense of the jury upon such proof as is offered to it, we cannot say that on this record the jury abused its proper function in the award made (cf. *Fornaro v Jill Bros.,* 42 Misc 2d 1031, revd on other grounds 22 AD2d 695, affd 15 NY2d 819). Judgment affirmed, without costs. Koreman, P. J., Kane, Mahoney, Larkin and Reynolds, JJ., concur.