Antonio MORICO, as Administrator of the Estate of Antonio Manual Morico, Deceased, Plaintiff,

v.

GREEN BUS LINES, INC., et al., Defendants.

No. 73 C 1487.

United States District Court, E. D. New York.

March 29, 1977.

Jerome Edelman, P. C., Brooklyn, N. Y., for plaintiff.

Bower & Gardner, New York City, for defendant Star Cab Corp., by Richard V. Caplan, New York City.

Shatzkin, Cooper, Labaton, Rudoff & Bandler, New York City, for defendant Green Bus Lines, Inc., by Burton S. Cooper, Douglas A. Cooper, New York City.

## MEMORANDUM AND ORDER

NEAHER, District Judge. .

Plaintiff Antonio Morico brought this diversity wrongful death action to recover damages for the death of his son, Manual Morico, and for conscious pain and suffering following the accident which resulted in his son's death. Manual Morico, while riding a bicycle, was struck by a cab when he attempted to pass a bus beginning to pull out of a bus stop. He died nine days after the accident. The cab was owned by defendant Star Cab Corp., and driven by an employee, Luis Manea. The bus was owned by defendant Green Bus Lines, Inc. and was driven by an employee, David Popiel.

The case was tried to a jury which found in plaintiff's favor against both corporate defendants by answers to questions in special verdict form. The jury awarded damages in the amount of $60,000 for wrongful death and $5,000 for decedent's conscious pain and suffering. By answer to a supplemental special verdict, the jury apportioned fault between defendants, finding Star Cab Corp. 60% at fault and Green Bus Lines, Inc. 40% at fault.

Plaintiff now moves for a new trial on the issue of damages, asserting three claims of error relating to the court's final instructions to the jury. As the court believes its charge correctly reflected applicable New York law and the award of damages was consistent with the proof adduced at trial, plaintiff's motion is denied.

## I.

■ Plaintiff argues first that the jury should have been instructed, and evidence should have been admitted, to take into account the decedent's voluntary support to his brothers and sisters. The proposed charge is an erroneous statement of the law. By statute, recovery in an action for wrongful death is limited to the pecuniary injuries "resulting . . . to the persons for whose benefit the action is brought." N.Y. EPTL § 5–4.3. "The damages . . . are exclusively for the benefit of the decedent's distributees," id. § 5–4.4, who are in this case the decedent's parents. Id., § 4–1.1(a)(3). Proof regarding the dependency of brothers and sisters is inadmissible. It therefore would have been improper for the jury to consider any pecuniary loss to the decedent's brothers and sisters. Lipp v. Otis Brothers & Co., 161 N.Y. 559, 56 N.E. 79 (1900); Chilelli v. Long Island Rail Road, 271 App.Div. 894, 67 N.Y.S.2d 143 (2d Dept. 1946). Accord, Reed v. County of Schoharie, 51 A.D.2d 499, 382 N.Y.S.2d 371 (3d Dept. 1976); Sutherland v. State, 189 Misc. 953, 68 N.Y.S.2d 553 (Ct.Cl.1947).

## II.

■ Plaintiff also challenges the court's charge with respect to what constitutes pecuniary loss, in that the court declined to charge that the jury may consider the loss of services that decedent's family suffered as a result of his death. The authority cited by plaintiff in support of including "the services he would have performed for his [parents] had he lived" as an element of damages, Gary v. Schwartz, 72 Misc.2d 332, 339 N.Y.S.2d 39 (1972), was reversed on the law and a new trial granted on the issue of damages, 43 A.D.2d 562, 349 N.Y.S.2d 322 (2d Dept. 1973).

The charge given by the court fully accorded with New York law. *Keenan v. Brooklyn City Railroad Co.*, 145 N.Y. 348, 350–51, 40 N.E. 15 (1895); *Fornaro v. Jill Bros., Inc.*, 42 Misc.2d 1031, 249 N.Y.S.2d 833 (1964), *rev'd on other grounds*, 22 A.D.2d 695, 253 N.Y.S.2d 771 (2d Dept. 1964), *aff'd*, 15 N.Y.2d 819, 257 N.Y.S.2d 938, 205 N.E.2d 862 (1965).

### III.

Finally, on the issue of conscious pain and suffering, plaintiff claims that the court erred in not charging the jury that consciousness is used in the medical sense, that one who responds to painful stimuli is conscious of pain, and not in the lay sense, that one who is awake and aware of one's surroundings is conscious of pain. In this regard the court instructed the jury that

> "plaintiff is entitled to recover such sum as you find will fairly and justly compensate for the conscious pain and suffering actually endured by decedent provided you find he was conscious prior to his death."

None of the cases cited by plaintiff is authority for the proposition that consciousness is used in any special sense. The charge as given was sufficient, especially in light of the jury's answer on the special verdict form that decedent "endured conscious pain and suffering during the period from time of the accident until his death."

Accordingly, plaintiff's motion is denied in all respects. The Clerk of Court is directed to enter judgment on the verdict in favor of plaintiff and against defendants Star Cab Corp. and Green Bus Lines, Inc.

SO ORDERED.