■ BENEDICT J. CLOSE, JR., as Administrator of the Estate of ETHEL C. CLOSE, Deceased, Respondent, v NATHAN LITTAUER HOSPITAL, Appellant. — Appeal from an order of the Supreme Court at Special Term (Cerrito, J.), entered March 1, 1982 in Fulton County, which denied defendant's motion to strike a portion of plaintiff's bill of particulars. This is an action in medical malpractice for the wrongful death and conscious pain and suffering of Ethel C. Close. It is uncontested that plaintiff, the deceased's son, is her sole distributee as well as administrator of her estate. Paragraph 14 of the complaint, which is contained in the wrongful death cause of action, alleges that in addition to pecuniary injuries, decedent's *"family* has been deprived of her love, society, companionship, nurture, comfort, affection, aid, and educa-

tion" (emphasis added). In his answer to defendant's demand for a bill of particulars, plaintiff responded that he, his wife, and his child are the persons referred to as "family" in paragraph 14 of the complaint. Defendant then moved to strike that portion (paragraph 8) of the bill of particulars, and it is from the denial of that motion that defendant now appeals. Paragraph 14 of the complaint, in combination with paragraph 8 of the bill of particulars, clearly seeks recovery for loss of consortium in this wrongful death action on behalf of persons who are not distributees of the estate of decedent. No such recovery on behalf of such nondistributees is permissible, as a matter of law (EPTL 5-4.1, 5-4.4; *Liff v Schildkrout*, 49 NY2d 622). Defendant is entitled to know, in advance of trial, who has a right of recovery and what damages may lawfully be claimed (*Reed v County of Schoharie*, 51 AD2d 499, 501). Since under no possible state of facts could there be a recovery for loss of consortium on behalf of the persons named in paragraph 8 of the bill of particulars, Special Term erred in denying defendant's motion to strike (*Reed v County of Schoharie, supra*). Order reversed, on the law, with costs, and defendant's motion to strike paragraph 8 of plaintiff's bill of particulars granted. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.