◼ DAWN E. KINGSLEY et al., as Administrators of the Estate of ROBERT D. KINGSLEY, JR., Deceased, et al., Respondents, v BAST-HATFIELD, INC. et al., Defendants, and MIDSTATE INDUSTRIES, LTD., Appellant.—Casey, J. Appeal from an order of the Supreme Court (Lynch, J.), entered January 23, 1992 in Schenectady County, which granted plaintiff Rhonda M. Rowe's motion for an order of preclusion.

Robert D. Kingsley, Jr. died in 1986 as a result of injuries sustained in a fall from a scaffold while he was working on a renovation project at a church in the City of Schenectady, Schenectady County. In April 1988, decedent's parents, the administrators of his estate, commenced this wrongful death action against the owner of the construction site and several contractors. In July 1989, decedent's surviving spouse, Rhonda M. Rowe, sought to intervene in the action on her own behalf and on behalf of her child, Julieann M. Kingsley. While the motion was pending, Surrogate's Court of Schenectady County

determined, in a separate proceeding, that Julieann M. Kingsley is a lawful heir and distributee of decedent. Based upon this determination and in the absence of an objection from any defendant, Supreme Court granted the motion to intervene. Rowe thereafter moved to preclude defendants from presenting at trial any evidence concerning the paternity of the infant. Supreme Court granted the motion, concluding that the determination of Surrogate's Court constituted the law of the case on the issue of the infant's legitimacy. Defendant Midstate Industries, Ltd. appeals from the order.

We conclude that defendants should be precluded from raising the issue of the infant's paternity in this wrongful death action. In *Reed v County of Schoharie* (51 AD2d 499), this Court held that the issue of who are the decedent's distributees, which was raised by the parties' pleadings in a wrongful death action, was not a matter to be resolved at trial of the action, but should be determined in a pretrial hearing either in Supreme Court or Surrogate's Court. This holding was premised on the principle that the defendants in a wrongful death action "are entitled to know, prior to trial, who are decedent's distributees in order to properly defend the action" *(supra,* at 501). As a result of the prior determination of Surrogate's Court in this case that the infant is decedent's daughter, defendants in this wrongful death action know, prior to trial, who are decedent's distributees and thus can properly defend the action. We are of the view that defendants are entitled to nothing more regarding the issue of the infant's paternity *(see,* Restatement [Second] of Judgments § 31 [2]) and, therefore, the order should be affirmed.

Mikoll, J. P., Levine, Mercure and Mahoney, JJ., concur. Ordered that the order is affirmed, with costs.