OPINION OF THE COURT
John M. Leventhal, J.
This is an action for wrongful death. It was referred to this *665 court solely for the purposes of a jury trial on the issue of damages.
Plaintiff maintains that at time of death the decedent had two young sons. Defendant disputes the paternity of these boys and maintains that plaintiff has the burden of proving their paternity. Defendant asserts that the issue of paternity is a question of fact to be determined by the jury. This court issued an oral decision and order “on the record” finding that although there was a question of fact as to paternity, this issue was one to be determined by the court at a hearing and not by the jury at trial. The following is the reasoning for this court’s decision.
The court agrees with defendant’s contention that paternity of the two boys is an issue that needs to be resolved prior to a finding of damages. Certainly, if they are found to be the children of the decedent the damages will be substantially greater. However, the court disagrees with defendant’s contention that the issue should be decided at trial by the jury.
Defendant cites in support of its arguments the Appellate Division, First Department case of Lancaster v 46 NYL Partners (228 AD2d 133). In Lancaster the First Department found that a motion for summary judgment should not have been granted on the issue of paternity because there were questions of fact. However, the Court in Lancaster did not hold that the issue should be presented to the jury at time of trial.
This court in reaching its decision looked to the Third Department case of Kingsley v Bast-Hatfield, Inc. (188 AD2d 957). In Kingsley, the Appellate Division found that the issue of paternity is one that should be resolved in a pretrial hearing before the trial or Surrogate’s Court. The court reasoned that the parties should know prior to trial the identity of decedent’s distributees.
Similarly, in the case at bar the issues of the identities of the decedent’s distributees should be determined prior to trial of this matter. The determination of the identity of the distributees will certainly affect the evidence to be produced at trial. If the two children are distributees then certainly the proof of damages will be substantially different than if the decedent’s mother is found to be the only distributee. It would be a waste of judicial resources to have proof submitted and thereafter learn that it was not necessary by a determination that an individual was not a distributee.
Further, the standard of proof on the paternity issue and that of the damages issue are entirely different. There is no *666 dispute that the standard of proof for the paternity issue is “clear and convincing evidence.” (EPTL 4-1.2 [a] [2] [C].) The standard of proof for the damages issue is “preponderance of the evidence.” It would be confusing and certainly result in inconsistencies to submit two different standards of proof to a jury to determine two separate issues.
For the above reasons, the court ordered a separate pretrial hearing to determine the paternity issue.