Orr v Yun (2021 NY Slip Op 01207)





Orr v Yun


2021 NY Slip Op 01207


Decided on February 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

Before: Acosta, P.J., Renwick, Singh, Mendez, JJ. 


Index No. 603423/06 Appeal No. 13213 Case No. 2020-01101 

[*1]Kenneth E. Orr, Plaintiff-Appellant,
v
Daniel Yun et al., Defendants-Respondents.


Kenneth E. Orr, appellant pro se.
Heller, Horowitz & Feit, P.C., New York (Martin Stein of counsel), for respondents.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered September 17, 2019, which denied plaintiff's motion to vacate or set aside the post-trial decision and order, same court and Justice, entered December 18, 2018, dismissing plaintiff's action, unanimously affirmed, without costs.
"The fact-finding determination of a court should not be disturbed on appeal unless its conclusions could not have been reached under any fair interpretation of the evidence, particularly where the findings of fact rest largely on the credibility of witnesses" (D.S. 53-16-F Assoc. v Groff Studios Corp., 168 AD3d 611, 611 [1st Dept 2019]).
Here, plaintiff provides no basis for rejecting the trial court's conclusion, based on evaluation of the testimony and documentary evidence, that he had not established his claims under a February 2006 agreement, as the agreement pertained to employment and was terminated by a subsequent agreement. Plaintiff's claim that the court lacks subject matter jurisdiction over this breach of contract action is unavailing. To the extent he argues that the matter should have been tried under Delaware Law, based on Limited Liability Company Law § 801, he acquiesced to having the case tried under New York law, thus establishing New York law as the law of the case (see Fornaro v Jill Bros., 22 AD2d 695, 695-696 [2d Dept 1964], affd 15 NY2d 819 [1965]). In any event, the case does not involve matters of internal governance of a foreign corporation, but interpretation of contracts between the parties.
We have considered plaintiff's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2021