JOHN M. COMSTOCK, as Executor of ELLA M. COMSTOCK, Deceased, Respondent, v. HELEN M. WILSON, Appellant.

(Argued May 20, 1931; decided July 15, 1931.)

*John W. Jordan, Harold R. Medina* and *Nicholas J. Weldgen* for appellant. The refusal to charge as requested was erroneous. (*Mitchell* v. *Rochester R. R. Co.*, 151 N. Y. 107; *Victorian Railways Commrs.* v. *Coultas*, 13 A. C. 222; *Tracy* v. *Hotel Wellington Corp.*, 175 N. Y. Supp. 100; 188 App. Div. 923; *Jones* v. *Brooklyn Heights R. R. Co.*, 23 App. Div. 141; *Newton* v. *N. Y., N. H. & H. R. R. Co.*, 106 App. Div. 415; *Powell* v. *Hudson Valley R. Co.*, 88 App. Div. 133; *Lofink* v. *Interborough Rapid Transit Co.*, 102 App. Div. 275; *Hack* v. *Dady*, 134 App. Div. 253; 142 App. Div. 510; *Cohn* v. *Ansonia Realty Co.*, 162 App. Div. 791.)

*Carroll M. Roberts* and *Timothy J. Nighan* for respondent. The right of the plaintiff to recover is amply sustained. (*Pugh* v. *London, Brighton & South Coast Ry. Co.*, [1896] 2 Q. B. 248; *Bell* v. *Great Northern Ry. Co.*, 26 L. R. Ir. 428; *Dulieu* v. *White & Sons*, [1901] 2 K. B. 669; *Newton* v. *N. Y., N. H. & H. R. R. Co.*, 106 App.

Div. 415; *Cohn* v. *Ansonia Realty Co.*, 162 App. Div. 791; *Mundy* v. *Levy Bros. Realty Co.*, 184 App. Div. 467; *O'Brien* v. *Moss*, 220 App. Div. 464; *Maloney* v. *Knickerbocker Ice Co.*, 229 App. Div. 317; *Schachter* v. *Interborough R. T. Co.*, 70 Misc. Rep. 558; 146 App. Div. 139; *Pareti* v. *New York Rys. Co.*, 172 N. Y. Supp. 388; *Matter of Thompson* v. *City of Binghamton*, 218 App. Div. 451; *Pickerell* v. *Schumacher*, 215 App. Div. 745; 242 N. Y. 577; *Smith* v. *British & North American Royal Mail Steam Packet Co.*, 86 N. Y. 408; *Carroll* v. *New York Pie Baking Co.*, 215 App. Div. 240; *Sider* v. *Reid Ice Cream Co.*, 125 Misc. Rep. 835; *Beck* v. *Libraro*, 220 App. Div. 547; *Spade* v. *Lynn & Boston R. R. Co.*, 168 Mass. 285; *Conley* v. *United Drug Co.*, 218 Mass. 238; *Clemm* v. *Atchison, Topeka & Santa Fe Ry. Co.*, 126 Kan. 181; *Baltimore & Ohio R. R. Co.* v. *Harris*, 121 Md. 254; *Morey* v. *Lake Superior Terminal & Transfer Co.*, 125 Wis. 148; *Mollman* v. *Light & Power Co.*, 206 Mo. App. 253; *Chiuchiolo* v. *New England Wholesale Tailors*, 150 Atl. Rep. 540.)

LEHMAN, J.   Plaintiff's automobile, in which the plaintiff's testatrix was a passenger, came into collision with an automobile operated by the defendant.   The collision caused some noise or " grating sound."   The left fender of plaintiff's car was loosened from the running board. The plaintiff's testatrix stepped from the automobile and started to write down the defendant's name and license number.   While doing so, she fainted and fell to the sidewalk, fracturing her skull.   All this occurred within a few minutes after the accident.   She lived about twenty minutes after the fall.   The plaintiff, claiming that the death of his testatrix was the result of defendant's negligence, has recovered judgment for $5,000 against her.

The trial judge submitted to the jury, as a question of fact, whether the alleged negligence of the defendant was the proximate cause of the death of plaintiff's testatrix. He refused the defendant's request to charge that

" if the Jury find that the deceased at the time of the collision sustained only shock or fright, without physical injury, they must find for the defendant." The defendant appealed to the Appellate Division from an order denying her motion for a new trial, and the Appellate Division in granting leave to appeal from its order of affirmance has certified the question whether it was error for the trial court to refuse the defendant's request to charge. No other question may be reviewed upon this appeal.

In the case of *Mitchell* v. *Rochester Ry. Co.* (151 N. Y. 107) this court stated: " No recovery can be had for injuries sustained by fright occasioned by the negligence of another, where there is no immediate personal injury " (p. 110). There, while the plaintiff was standing upon a crosswalk, awaiting an opportunity to board one of the defendant's cars which had stopped there, a team attached to another horse car of the defendant, coming down the street, turned to the right and came so close to the plaintiff that she stood between the horses' heads when they were stopped. From fright and excitement, caused by the approach and proximity of the team, she became unconscious, and the result was a miscarriage and consequent illness. Recovery was denied to her on the ground that " assuming that fright cannot form the basis of an action, it is obvious that no recovery can be had for injuries resulting therefrom " (p. 109). The appellant maintains upon this appeal that it was error, under the authority of that case, to refuse her request to charge.

That case has been much discussed and frequently criticised by legal scholars. (See Throckmorton, " Damages for Fright," 34 Harvard Law Review, 260; Wilson, " The New York Rule as to Nervous Shock," 11 Cornell Law Quarterly, 512.) Judicial authority supports its conclusions in some jurisdictions. Elsewhere the courts have reached other conclusions. Its conclusions cannot be tested by pure logic. The court recognized that its views

of public policy to some extent dictated its decision. In fixing the limits of legal liability, such considerations may be given due weight. Only for consequences which follow from an infraction of a duty, to the injured party, from an invasion of his legal rights, is legal liability imposed. Even then legal liability does not extend beyond " proximate " consequences. Practical considerations must at times determine the bounds of correlative rights and duties as well as the point beyond which the courts will decline to trace causal connection.

" The question of liability is always anterior to the question of the measure of consequences that go with liability. If there is no tort to be redressed, there is no occasion to consider what damage might be recovered if there were a finding of a tort." (*Palsgraf* v. *Long Island R. R. Co.*, 248 N. Y. 339, 346, per CARDOZO, Ch. J.) In deciding that no action lies for fright and, therefore, no action for the consequences of fright, the court was dealing with the question of liability rather than the measure of consequences that go with liability. " In actions of negligence damage is of the very gist and essence of the plaintiff's cause." (1 Street, Foundations of Legal Liability, 444; Pollock on Torts [13th ed.], 190.) Mental suffering or disturbance, even without consequences of physical injury, may in fact constitute actual damage; nevertheless the courts generally do not regard it as such damage as gives rise to a cause of action, though it be the direct result of the careless act. Whether the true explanation of that conclusion lies in an historical conception of injury or in supposed considerations of public policy may for the present be put aside. In either event the reason fails where fright or nervous shock causes visible physical injury. (See Bohlen, " Right to Recover for Injury Resulting from Negligence without Impact," 41 American Law Register, 141.) Then the careless act carries consequences of physical injury which if caused directly would undoubtedly be recognized

as legal damages sufficient to support a cause of action for negligence. Refusal to sustain such a cause of action can be based only on one of two grounds: Either that the careless act invaded no right of the injured party and is not a tort, or that the physical injury consequent upon the mental disturbance or shock is not a proximate result of the tort.

Either alternative presents both theoretical and practical difficulties. The development of the law. on this subject in Massachusetts strikingly illustrates these difficulties. In *Canning* v. *Inhabitants of Williamstown* (1 Cush. 451) recovery was denied for fright and mental suffering without physical injury. In *Warren* v. *Boston & Maine R. R.* (163 Mass. 484) the driver of a vehicle thrown to the ground by a collision with a railroad train was permitted to recover for physical injuries caused mainly by the nervous shock. There the court did not refuse to trace the chain of causation from nervous shock to physical injury; at least where there was a physical impact. In *Spade* v. *Lynn & Boston R. R. Co.* (168 Mass. 285) it denied recovery for similar injuries where the evidence did not show such physical impact.

In that case the plaintiff claimed damages for physical injuries caused by fright and excitement due to the eviction of a disorderly passenger. The court, speaking per ALLEN, J., recognized that " exemption from liability for mere fright, terror, alarm, or anxiety does not rest on the assumption that these do not constitute an actual injury," and that " a physical injury may be directly traceable to fright, and so may be caused by it. We cannot say, therefore, that such consequences may not flow proximately from unintentional negligence." The court, conscious that such consequences are unusual, placed its decision on the ground that the defendant was under a duty " to anticipate and guard against the probable consequences * * *, but to carry the rule of damages further imposes an undue measure of respon-

sibility upon those who are guilty of unintentional negligence."

Upon an appeal from a judgment in favor of the plaintiff after a second trial in the same action, the record showed that in evicting the disorderly passenger the conductor " jostled another drunken man who was standing in front of the plaintiff, and threw him upon her." The fall upon her seems to have been a trifling matter, taken by itself, but the fright caused by that and the antecedent disorder produced bodily ills. It was held that " the plaintiff could recover only for the pain and fright caused by the contact with her person, and not for such mental disturbance and injury as were caused by other acts of the conductor and the general disturbance in the car." " The wrong to the plaintiff, if any, began with the battery, and it is for the consequences of the battery only that the defendant is liable, not for all the consequences of the drunken man's presence in the car or of the defendant's attempt to remove him." (*Spade* v. *Lynn & Boston R. R. Co.*, 172 Mass. 488.)

To some extent the law on this subject has developed in this jurisdiction along similar lines. True, no case has since been presented to this court where the plaintiff claimed damages for physical injuries which resulted from mental distress caused by a careless act. In the intermediate appellate courts, such recovery has been generally allowed where there has been a physical impact. Without attempting detailed analyses of such cases, we may assume that they evince the view that where there has been a physical impact, even though slight, accompanied by shock, there may be a recovery for damages to health caused by the shock even though that shock was the result produced by the impact and fright concurrently. (*Hack* v. *Dady*, 142 App. Div. 510; *Jones* v. *Brooklyn Heights R. R. Co.*, 23 App. Div. 141; *Tracy* v. *Hotel Wellington Corp.*, 188 App. Div. 923.) Recovery was not limited to or made dependent upon immediate visible or physical injuries.

The courts in such case attempt no differentiation between the direct physical injury caused by the impact and the damage caused by the fright, even where the fright preceded the impact. The result may seem at times anomalous, for the direct physical injury may be insignificant in relation to the damages consequent upon the fright. That anomaly did not escape the keen mind of Mr. Justice HOLMES. " As has been explained repeatedly, it is an arbitrary exception, based upon a notion of what is practicable, that prevents a recovery for visible illness resulting from nervous shock alone. (*Spade* v. *Lynn & Boston R. R.*, 168 Mass. 285, 288; *Smith* v. *Postal Telegraph Cable Co.*, 174 Mass. 576.) But when there has been a battery and the nervous shock results from the same wrongful management as the battery, it is at least equally impracticable to go further and to inquire whether the shock comes through the battery or along with it. Even were it otherwise, recognizing as we must the logic in favor of the plaintiff when a remedy is denied because the only immediate wrong was a shock to the nerves, we think that when the reality of the cause is guaranteed by proof of a substantial battery of the person there is no occasion to press further the exception to general rules." (*Homans* v. *Boston Elevated Ry. Co.*, 180 Mass. 456.)

We think that these considerations must sustain the trial judge's refusal to charge. Whether there can be a recovery for the consequences of fright caused by unintentional want of care, depends in the first place upon the question whether a legal right of the plaintiff has been invaded by the defendant's negligence. In the cases of *Mitchell* v. *Rochester Ry. Co.* (*supra*) and *Spade* v. *Lynn & Boston R. R. Co.* (*supra*) the courts decided that for practical reasons there is ordinarily no duty to exercise care to avoid causing mental disturbance, and no legal right to mental security. Serious consequences from mere mental disturbance unaccompanied by physical shock

cannot be anticipated, and no person is bound to be alert to avert a danger that foresight does not disclose. The conclusion is fortified by the practical consideration that where there has been no physical contact there is danger that fictitious claims may be fabricated. Therefore, where no wrong was claimed other than a mental disturbance, the courts refused to sanction a recovery for the consequences of that disturbance. Here there was more. The defendant should have foreseen that a collision with the car in which plaintiff's testatrix was a passenger would cause injury to the passengers. She did collide with the car through lack of care, and she did cause injury to the plaintiff's testatrix. That injury was not confined to fright. The fright was only a link in the chain of causation between collision and fractured skull. The collision itself, the consequent jar to the passengers in the car, was a battery and an invasion of their legal right. Their cause of action is complete when they suffered consequent damages.

Doubtless the question still remains whether the fractured skull was the proximate result of the collision. That question was presented to the jury as a question of fact. Assuming that upon this appeal we may determine whether it was a question of fact or of law, we are clear that it was a question of fact. We do not say that in all cases the courts will hold a defendant liable for remote physical injuries resulting from nervous shock. Here the physical injuries are not remote, either in time or space. They were almost immediate and the evident result of the defendant's lack of care. No slight physical injuries in addition to those resulting from the shock would fortify the plaintiff's claim.

The order should be affirmed, with costs, and the question certified answered in the negative.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.