Robert Edmond, Plaintiff, *v.* American-Hawaiian Steamship Company, Defendant.

Supreme Court, Special Term, New York County, October 14, 1946.

*Gray Williams* for defendant.

*Ruth H. Saslow* and *William L. Standard* for plaintiff.

PECORA, J.   Motion is made to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.   The complaint alleges that plaintiff, while employed as a cook and baker aboard a certain vessel, was " mistreated " by the officers thereof and was threatened with bodily harm, causing him great mental anguish.   It is alleged further that defendant, through its employees, had knowledge of the mistreatment of plaintiff and failed. to take steps necessary to prevent its continuation.   As a result of the said acts, plaintiff alleges he suffered a severe psychoneurosis, for which he claims damages of $15,000.

The complaint fails to allege any physical injury nor does it allege any physical contact with plaintiff.   The injury sustained is a mental condition.   It has long been the settled law of this State that there can be no recovery for nervousness or mental anguish where there is no accompanying physical contact or injury (*Mitchell* v. *Rochester Railway Co.,* 151 N. Y. 107, 110; *Comstock* v. *Wilson,* 257 N. Y. 231).   In the *Comstock* case the court said (p. 235): " Mental suffering or disturbance, even without consequences of physical injury, may in fact constitute actual damage; nevertheless the courts generally do not regard it as such damage as gives rise to a cause of action, though it is the direct result of the careless act."

The principle declared in *Mitchell* v. *Rochester Railway Co.* (*supra*) has been followed in many subsequent cases.   But it has also been criticized by eminent textbook writers as well as by courts in other jurisdictions.   An interesting discussion of the rule and the criticisms thereof may be found in the 1936 Report of the Law Revision Commission, at pages 375–454. The doctrine, however, still remains the law of this State.

The fact that this cause of action is brought under the Jones Act (U. S. Code, tit. 46, § 688) does not change the rules applying to actions based upon alleged negligence.   The argument that the word " mistreated " imports physical contact cannot be accepted.   If plaintiff intends to allege such contact, he

should do so in the complaint, and not depend upon a conclusory term such as the word " mistreated ".

The motion to dismiss is granted, with leave to plaintiff, if he is so advised, to serve an amended complaint within twenty days from service of a copy of the order to be entered hereon, with notice of entry.   Settle order.