LILLIAN TROTT, Plaintiff, v. BARRE MEMORIALS, INC., et al., Defendants.

City Court of the City of New York, Special Term, Bronx County, December 9, 1948.

*Bernard Wolf* for Barre Memorials, Inc., defendant.

*I. Ben Greenman* for plaintiff.

EVANS, J. The second cause of action is based on the negligent act of a gravestone cutter in placing the stone memorial on the wrong grave, resulting in the religious ceremony of unveiling being held in the wrong place, which, subsequently discovered, caused not only additional expense but also mental anguish and torment to the decedent's wife so that she suffered actual physical ailments, as a result thereof.

Personal injury cases are not actionable, unless there is some kind of physical contact, be it a battery or impact of physical matter, resulting in shock, mental anguish that causes some kind of physical ailment (*Comstock* v. *Wilson*, 257 N. Y. 231). This is not to say that plaintiff may not recover whatever damages she suffered, such as having to hold a second unveiling or suffer other additional expense, on the theory of a tort, rather than a breach of contract, if she is unable to establish a breach of contract. Since the second cause of action does not confine itself specifically to personal injuries for the tort, but also includes such other damage as might flow from the mistake, whether it be regarded as a breach of contract or a tort, that part of the complaint cannot be dismissed. The plaintiff has pleaded in her second cause of action all the essentials of her first cause of action in contract, and it must be read that way, on the motion to dismiss for insufficiency. However, defendant is entitled to

some relief, under its prayer for such other and further relief as may be proper, if not to a dismissal of the second cause of action. I think those allegations which specifically refer to shock, mental anguish, and physical upset, should be stricken from the complaint. Paragraphs thirteenth, fourteenth and fifteenth are stricken out. To that extent the motion is granted.