Burke, J.
The question presented is whether the claim states a cause of action when it alleges that claimant was negligently *239 caused to suffer “ severe emotional and neurological disturbances with residual physical manifestations ’ \
The appellant avers that in September of 1956, at Bellayre Mountain Ski Center, the infant plaintiff was placed in a chair lift by an employee of the State who failed to secure and properly lock the belt intended to protect the occupant. As a result of this alleged negligent act, the infant plaintiff became frightened and hysterical upon the descent, with consequential injuries.
The Court of Claims, on a motion to dismiss the complaint, held that a cause of action does lie. The Appellate Division found itself constrained to follow Mitchell v. Rochester Ry. Go. (151 N. Y. 107) and, therefore, reversed and dismissed the claim. The Mitchell case decided that there could be no recovery for injuries, physical or mental, incurred by fright negligently induced.
It is our opinion that Mitchell should be overruled. It is undisputed that a rigorous application of its rule would be unjust, as well as opposed to experience and logic. On the other hand, resort to the somewhat inconsistent exceptions would merely add further confusion to a legal situation which presently lacks that coherence which precedent should possess. “We act in the finest common-law tradition when we adopt and alter decisional law to produce common-sense justice. * * * Legislative action there could, of course, be, but we abdicate our own function, in a field peculiarly nonstatutory, when we refuse to reconsider an old and unsatisfactory court-made rule.” (Woods v. Lancet, 303 N. Y. 349, 355.)
Before passing to a résumé of the evolution of the doctrine in this State, it is well to note that it has been thoroughly repudiated by the English courts which initiated it, rejected by a majority of American jurisdictions, abandoned by many which originally adopted it, and diluted, through numerous exceptions, in the minority which retained it. Moreover, it is the opinion of scholars that the right to bring an action should be enforced.[1]
*240 It is fundamental to our common-law system that one may seek redress for every substantial wrong. ‘ ‘ The best statement of the rule is that a wrong-doer is responsible for the natural and proximate consequences of his misconduct; and what are such consequences must generally be left for the determination of the jury.” (Ehrgott v. Mayor of City of N. Y., 96 N. Y. 264, 281.) A departure from this axiom was introduced by Mitchell (supra), wherein recovery was denied to plaintiff, a pregnant woman, who, although not physically touched, was negligently caused to abort her child. Defendant’s horses were driven in such a reckless manner that, when finally restrained, plaintiff was trapped between their heads. The court indicated essentially three reasons for dismissing the complaint. It stated first that, since plaintiff could not recover for mere fright, there could be no recovery for injuries resulting therefrom. It was assumed, in addition, that the miscarriage was not the proximate result of defendant’s negligence, but rather was due to an accidental or unusual combination of circumstances. Finally, the court reasoned that a recovery would be contrary to public policy because that type of injury could be feigned without detection and it would result in a flood of litigation where damages must rest on speculation.
With the possible exception of the last, it seems “ [a]ll these objections have been demolished many times, and it is threshing old straw to deal with them.” (Prosser, Torts [2d ed], § 37, pp. 176-177.) Moreover, we have stated that the conclusions of the Mitchell case (supra) “ cannot be tested by pure logic” (Comstock v. Wilson, 257 N. Y. 231, 234 [1931]). Although finding impact and granting recovery, the unanimous court in Comstock rejected all but the public policy arguments of the Mitchell decision.
We presently feel that even the public policy argument is subject to challenge. Although fraud, extra litigation and a measure of speculation are, of course, possibilities, it is no rea *241 son for a court to eschew a measure of its jurisdiction. “ The argument from mere expediency cannot commend itself to a Court of justice, resulting in the denial of a logical legal right and remedy in all cases because in some a fictitious injury may be urged as a real one.” (Green v. Shoemaker & Co., 111 Md. 69, 81.)
In any event, it seems that fraudulent accidents and injuries are just as easily feigned in the slight-impact cases[2] and other exceptions[3] wherein New York permits a recovery, as in the no-impact cases which it has heretofore shunned.[4] As noted by the Law Revision Commission: “ The exceptions to the rule cannot be said to insure recovery to any substantial number of meritorious claimants and there is good ground for believing that they breed dishonest attempts to mold the facts so as to fit them within the grooves leading to recovery.” (1936 Report of N. Y. Law Rev. Comm., p. 450.) The ultimate result is that the honest claimant is penalized for his reluctance to fashion the facts within the framework of the exceptions.
Not only, therefore, are claimants in this situation encouraged by the Mitchell disqualification to perjure themselves, but the constant attempts to either come within an old exception, or establish a new one, lead to excess appellate litigation (see Gulf, C. & S. F. Ry. Co. v. Hayter, 93 Tex. 239). In any event, even if a flood of litigation were realized by abolition of the *242 exception, it is the duty of the courts to willingly accept the opportunity to settle these disputes.
The only substantial policy argument of Mitchell is that the damages or injuries are somewhat speculative and difficult to prove. However, the question of proof in individual situations should not be the arbitrary basis upon which to bar all actions, and “it is beside the point * * * in determining sufficiency of a pleading ”. (Woods v. Lancet, 303 N. Y. 349, 356, supra). In many instances, just as in impact cases, there will be no doubt as to the presence and extent of the damage and the fact that it was proximately caused by defendant’s, negligence. In the difficult cases, we must look to the quality and genuineness of proof[5], and rely to an extent on the contemporary sophistication of the medical profession and the ability of the court and jury to weed out the dishonest claims. Claimant should, therefore, be given an opportunity to prove that her injuries were proximately caused by defendant’s negligence.
Accordingly, the judgment should be reversed and the claim reinstated, with costs.

. For excellent studies see 1936 Report of N. Y. Law Rev. Comm., pp. 379-450; MeNiece, Psychic Injury and Tort Liability in New York, 24 St. John’s L. Rev. 1; see, also, Smith, Relation of Emotions to Injury and Disease; Legal Liability for Psychic Stimuli, 30 Va. L. Rev. 193 (1944); Magruder, Mental and Emotional Disturbance in the Law of Torts, 49 Harv. L. Rev. 1033 (1936); *240 Throekmorton, Damages for Fright, 34 Harv. L. Rev. 260 (1921); Wilson, The New York Rule as to Nervous Shock, 11 Cornell L. Q. 512 (1926); Edgar, Foreseeability and Recovery in Tort, 9 St. John’s L. Rev. 84 (1934); Prosser, Torts (2d ed.), pp. 38-47, 178, 192; for others, see 1936 Report of N. Y. Law Rev. Comm., p. 448; see, also, 15 Am. Jur., Damages, § 188; 25 C. J. S., Damages, § 70; Restatement, Torts, § 436, subds. (1), (2).

. For example, Jones v. Brooklyn Heights R. R. Co., 23 App. Div. 141, wherein plaintiff was hit on the head by a small incandescent light bulb which fell from a lamp attached to the roof of defendant’s ear in which plaintiff was a passenger. Plaintiff was allowed to recover for a miscarriage brought on by the shock stimulated by the injury. See, also, Buckbee v. Third Ave. R. R. Co., 64 App. Div. 360 (slight electric shock); Powell v. Hudson Val. Ry. Co., 88 App. Div. 133 (slight burn); Comstock V. Wilson, 257 N. Y. 231, supra (fright induced by prior collision caused passenger to faint and fracture skull); Sawyer v. Dougherty, 286 App. Div. 1061 (blast of air filled with glass).

. Injuries from fright are also recoverable generally in: “the burial right cases, the contract relationship cases [innkeeper and common carrier cases], the immediate physical injury eases “ * *, the Workmen’s Compensation cases, the food cases, the wilful or wanton injury eases, and the right of privacy cases” (brackets mine; MeNieee, 24 St. John’s L. Rev., pp. 33-65).

. No recovery: Newton v. New York, N. H. & H. R. R. Co. 106 App. Div. 415 (plaintiff passenger in train collision); Hutchinson v. Stern, 115 App. Div. 701 (plaintiff could not recover for loss of wife’s services when she gave birth to a stillborn child while witnessing an attack on plaintiff); O’Brien v. Moss, 220 App. Div. 464 (passenger in car collision).

. See New York Comity Supreme Court Special Rule for Medical Examinations in Personal Injury Actions which permits the trial court to appoint an impartial expert when necessary for a just determination of the case.