■ DELORES CLANCY, Individually and as Administratrix of the Estate of MICHAEL J. CLANCY, Deceased, Respondent, v PORT OF NEW YORK AUTHORITY et al., Appellants.—Judgment, Supreme Court, New York County, entered January 8, 1976, unanimously modified, on the law, to strike therefrom that portion based on the decedent's claimed conscious pain and suffering, and otherwise affirmed, without costs and without disbursements. The tragic death of plaintiff-respondent's decedent resulted, according to unassailable circumstantial evidence, from a fall of 25 stories down an improperly safeguarded elevator shaft during construction of the World Trade Center. We find that the path through the construction was necessarily one requiring traversal by the decedent in the course of access to and

departure from his work and was therefore at the scene of employment, subject to the transgressed provisions of section 241-a of the Labor Law. There was no error in exclusion of photos of the scene offered by defendants; the foundation in respect of their being fair and accurate representations of the scene at the time of the tragic occurrence was incomplete. The award of damages for wrongful death is not considered excessive. While the trial was not free of errors, they were harmless in their effect; the claim for punitive damage should not have gone to the jury, there having been no adequate foundation therefor, but there was no award on this score; and we strike that portion of the verdict based on conscious pain and suffering because it cannot be successfully maintained that decedent's life lasted for even the smallest interval of time after the tremendous impact resulting from his fall. One other error, the inclusion of more Labor Law statutes than applicable in the court's charge was speedily corrected before verdict by additional instructions. All in all, we hold, the trial was eminently fair and the result in accord with justice. Concur—Markewich, J. P., Murphy, Birns, Capozzoli and Nunez, JJ.