Fuchsberg, J.
(dissenting). This suit involves a mother to whom, during the course of her pregnancy, Delalutih, a drug manufactured and marketed by the defendants Squibb, was administered by the defendant doctor. The baby was born without limbs and with other deformities, all alleged to have been produced, by the drug. This action, sounding essentially in medical malpractice and strict products liability, was brought by the mother and the father to recover for what in both cases may be categorized as emotional injuries and, in the case of the mother, for physical injuries as well.
The matter is now here on appeal from an order of the Appellate Division, which, by a divided court, modified an order of Special Term denying a motion to dismiss pursuant to CPLR 3211 (subd [a], par 7). On such a motion, of course, the court must both assume the truth of the charges made (Cohn v Lionel Corp., 21 NY2d 559, 562) and favor the pleader with every inference that might be drawn (Westhill Exports v Pope, 12 NY2d 491, 496). For practical purposes, the effect of the Appellate Division’s modification was to dismiss the husband’s case and save that of the wife. On the present appeal, our court would dismiss as to the wife too.
Since there is no present disposition on the part of the majority of the court to roll back our repeated refusal to recognize a right to recover for mental and emotional injuries experienced by a “bystander” as a consequence of direct injuries to another, no matter how close (see Howard v Lecher, 42 NY2d 109, 112, citing Tobin v Grossman, 24 NY2d 609), I turn to the mother’s case alone.* It would *812 seem impossible to deny that defendants owed a duty directly to her. She was a patient of the doctor. She was the consumer of the implicated drug, it having actually been injected into her body. And she suffered the physical effect it had on the fetus and herself while the baby was still unborn.
Yet, the court, in dismissing, despite cases like Battalla v State of New York (10 NY2d 237), takes the position that her injuries were all subjective in nature and, here, derived from the emotional suffering she had undergone over concern for the deformed condition of her daughter. With this I cannot agree, all the more, since, without debating the point, the cold record reveals her reliance on physical injuries too. Specifically, while her papers do speak of her “acute depression and psychological overlay”, they also describe injuries to her “nervous system” (the “nervous system”, as distinguished from “neurotic” or “psychotic” pathology, by any medical definition, is organic), along with repeated objective manifestations of “dizziness, vomiting and nausea”. These allegations raised questions of fact as to whether she suffered independent personal injuries. The point is not only necessarily encompassed in even the broader relief that the plaintiffs alleged, but was the subject of active colloquy with the court during argument before us.
Accordingly, so much of the order of the Appellate Division as relates to the wife should have been affirmed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones and Wachtler concur; Judge Meyer concurs on constraint of Howard v Lecher (42 NY2d 109); Judge Fuchsberg dissents and votes to affirm in an opinion.
Order, insofar as appealed from, reversed, with costs, and the motions of defendants-appellants to dismiss the first through the ninth causes of action set forth in the complaint in Action No. 2, granted in a memorandum. Question certified answered in the negative.

 Doing so, I cannot help but reflect on the stultifying effect of what may be too indiscriminating an application of stare decisis. For, as distinguished from cases involving property dispositions and contractual rights, courts will more “readily re-examine established precedent to achieve the ends of justice in a more modern context” in personal injury cases (People v Hobson, 39 NY2d 479, 489, and cases cited thereat). True, Tobin v Grossman was cited with approval only as recently as in Howard, albeit only by a vote of 4 to 3, of whom three Judges who vigorously dissented are still members of this court. “But stare decisis is a principle of policy and not a mechanical formula of adherence to the latest decision” (Helvering v Hallock, 309 US 106, 119).