■ EMERIDA HUERTAS, Individually and as Administratrix of the Estate of JESUS HUERTAS, Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 61060.) — Appeal from a judgment in favor of claimant, entered July 14, 1980, upon a decision of the Court of Claims (Lengyel, J.). At approximately 10:00 A.M. on December 29, 1976, one James Hernandez, an inmate working in the milk room at the Clinton Correctional Facility, a maximum security institution, left the milk room carrying an iron bar two and one-half feet long which he had removed from a machine in the milk room. Carrying the iron bar under an apron which he wore, he proceeded to a table in the recreation area of the mess hall at which decedent Jesus Huertas and others were sitting, and he then struck decedent eight to ten times in the head with the bar. As a result, decedent suffered cardiac arrest and acute subdural hematoma and fell immediately to the floor unconscious. He died six days later without ever regaining consciousness. Alleging negligence on the part of the State employees at the Clinton Correctional Facility, the mother of decedent's four illegitimate children brought this wrongful death action both individually and as administratrix of decedent's estate. Following a trial, the Court of Claims awarded damages of $10,000 to decedent's distributees for their pecuniary loss resulting from the death, $1,500 for decedent's conscious pain and suffering and $2,321.81 for the expenses of decedent's funeral. This appeal by the State ensued. Considering initially the State's assertion that the instant claim is a nullity because it was not verified by a duly appointed personal representative and fails to allege the appointment of a personal representative, we find this contention to be without merit. Although claimant admittedly verified the instant claim three days before her actual appointment as administratrix of decedent's estate on March 25, 1977, she thereafter properly filed the claim in a timely manner with the Chief Clerk of the Court of Claims on April 18, 1977, and the clerk's office caused a copy of the claim to be delivered to the Attorney-General's office on April 19, 1977. Such being the case, the filing was satisfactory and the claim need not be dismissed for lack of proper verification (cf. *Matter of Johnson v State of New York,* 49 AD2d 136). Similarly, we find that the evidence in the record amply supports the court's finding that the negligence of State employees in carelessly supervising the inmates at the facility was a proximate cause of decedent's death. The evidence indicates that, immediately prior to the fatal assault, the assailant, wearing only a T-shirt, pants, shoes and an apron, left his work area in the milk room with the iron bar concealed under his apron so as to cause the apron to bulge from underneath. Not only were his suspicious actions undetected by the civilian personnel in the milk room, but he then proceeded in close proximity past no less than five correction officers and another civilian food service

employee as he traversed the distance of 120 to 150 feet to the site of the vicious attack in the recreation area of the mess hall. Under these circumstances, the court was warranted in concluding that, with adequate and proper supervision by correction officers reasonably attentive to their duties, the assailant would in all likelihood have been stopped and questioned and decedent's death could have been avoided. Accordingly, even weighing the evidence anew as this court is empowered to do on appeal in a nonjury case, we hold that we should not disturb the decision of the Trial Judge who was in a better position than this court to assess the evidence and the credibility of the witnesses (cf. *Shipman v Words of Power Missionary Enterprises*, 54 AD2d 1052). Lastly, we conclude that the $1,500 award for decedent's pain and suffering cannot be sustained. Concededly, decedent never regained consciousness after the assault and there is no evidence in the record establishing any conscious pain and suffering on his part. Accordingly, the court's award for pain and suffering is purely speculative and should be disallowed. Judgment modified, on the law and the facts, by reversing the $1,500 award for decedent's pain and suffering, and, as so modified, affirmed, with costs to claimant. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.