■ STANLEY YALKOWSKY, Appellant, v DEANNE YALKOWSKY, Respondent. — In a matrimonial action, plaintiff appeals, as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Westchester County (Walsh, J.), dated July 9, 1981, as is in favor of the defendant upon her second counterclaim to set aside a conveyance of the former marital premises on the ground that it was executed under duress. Judgment reversed insofar as appealed from, on the facts, with costs, and second counterclaim dismissed. In our view, so much of the determination of the trial court as granted judgment in favor of the defendant upon her counterclaim to set aside a conveyance of the former marital residence that she had made to the plaintiff husband during the marriage on the ground of his duress, is contrary to the weight of the credible evidence and must be reversed. Although the testimony adduced by both parties is peppered with contradictions, the relative weight of the conflicting evidence presented on the issue preponderated in favor of the plaintiff. Judgment in his favor dismissing the counterclaim to set aside the conveyance is therefore warranted. "In a nonjury case, this court's inquiry is not limited to whether the findings [are] supported by some credible evidence * * * It is within the power of this court to grant the judgment which upon the evidence should have been granted by the trial court" (*Shipman v Words of Power Missionary Enterprises*, 54 AD2d 1052, 1053; *Huertas v State of New York*, 84 AD2d 650, 651). In view of our determination, which is in accordance with the verdict of the advisory jury impaneled pursuant to CPLR 4212, we need not consider the remainder of the issues presented. Weinstein, J. P., Gulotta, Niehoff and Rubin, JJ., concur.