**Joseph P. MALACYNSKI, as Executor under the Last Will and Testament of Michelle Malacynski, and Joseph P. Malacynski, Individually, Plaintiff,**

v.

**McDONNELL DOUGLAS CORPORATION and American Airlines, Inc., Defendants.**

**No. 79 Civ. 5509 (WCC).**

United States District Court, S.D. New York.

June 15, 1983.

F. Lee Bailey, and Aaron J. Broder, New York City, for plaintiff; G. Michael Simmon, Carl P. Bowen, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendant American Airlines, Inc.; Peter Hoenig, New York City, of counsel.

OPINION AND ORDER

CONNER, District Judge:

This action is one of a multitude filed against defendants American Airlines, Inc. ("American") and McDonnell Douglas Corporation in the wake of a May 25, 1979 crash of a DC–10 jet aircraft shortly after take-off from O'Hare International Airport in Chicago, Illinois. Michelle Malacynski ("Malacynski") was killed in that crash, as were all the passengers, and plaintiff Joseph P. Malacynski ("plaintiff") brought this action for damages on behalf of her estate as well as in his individual capacity.

The case is currently before the Court on American's motion to dismiss plaintiff's claim for Malacynski's conscious pain and suffering on the ground that it fails to state a claim under New York law. Alternatively, American seeks summary judgment on that claim on the ground that there is insufficient evidence from which a jury could infer that Malacynski experienced fear of impending death prior to the crash.[1] For

---

1. Defendants originally moved in the alternative for an order staying this action pending

the reasons stated below, American's motions are denied.

*Discussion*

American contends that, as a matter of New York law,[2] plaintiff cannot recover damages in a wrongful death action for Malacynski's mental and emotional trauma during the period when it was apparent that the aircraft was going to crash. According to defendant, New York courts do not recognize a cause of action for pain and suffering as a result of a decedent's knowledge of impending death.

■ The Court cannot agree with American's interpretation of New York law. At least one state court has indicated that the claim is proper where the plaintiff can produce evidence from which a jury could infer that the decedent was aware of the danger and suffered from pre-impact terror. See *Anderson v. Rowe,* 73 A.D.2d 1030, 425 N.Y. S.2d 180, 181 (4th Dep't 1980). Moreover, the Fourth Department's recognition of the pre-impact mental anguish claim in *Anderson* is the logical extension of two well-settled principles of New York law. First, the New York Court of Appeals has held that a plaintiff may recover damages for mental trauma induced by fear for one's physical well-being, regardless of whether physical injuries actually were incurred. See *Battalla v. State of New York,* 10 N.Y.2d 237, 242, 219 N.Y.S.2d 34, 38, 176 N.E.2d 729, 733 (1961) (upholding plaintiff's claim for emotional injuries caused by defendant's negligent failure to lock plaintiff properly into chair lift, thus resulting in plaintiff's becoming frightened and hysterical upon descent). Second, New York State courts clearly allow claims for post-impact pain and suffering in a wrongful death action where the plaintiff can establish that the decedent actually regained consciousness after the impact. See, *e.g., Huertas v. State of New York,* 84 A.D.2d 650, 444 N.Y.S.2d 307 (3d Dep't 1981); *Parker v. McConnell Manufacturing Co.,* 40 A.D.2d 587, 334 N.Y.S.2d 586 (4th Dep't 1972); *Alfieri v. Cabot Corporation,* 17 A.D.2d 455, 235 N.Y.S.2d 753 (1st Dep't 1962), *aff'd,* 13 N.Y.2d 1027, 245 N.Y.S.2d 600 (1963).

Given this willingness on the part of New York's courts to recognize, in the context of a wrongful death action, a separate and independent claim for post-impact conscious pain and suffering, it would be illogical for this Court to conclude that the state courts would hold that the pre-impact claim is merged into the main action for wrongful death. While it is obvious that plaintiff's most substantial damage claim is based on the loss of Malacynski's life, as opposed to the trauma she may have experienced during the aircraft's uncontrolled descent, New York law provides for recovery on both claims and plaintiff is entitled to an opportunity to establish his case as to each. See *Lin v. McDonnell Douglas Corp. and American Airlines, Inc.,* No. 79 Civ. 3195 (RWS), slip op. at 1 (S.D.N.Y. March 25, 1983) (denying motion to dismiss plaintiff's claim under New York law for pre-impact pain and suffering).[3] Accordingly, American's motion to dismiss plaintiff's cause of action for pre-impact pain and suffering is denied.

■ The Court must also deny American's alternative request that summary judgment be granted against plaintiff on

---

completion of discovery on pre-death pain and suffering in the multi-district litigation or for an order remanding the case to the multi-district court for the purpose of completing discovery on this issue. However, upon the representation of plaintiff's counsel that plaintiff is not going to avail itself of multidistrict discovery, defendants withdrew the motion for remand. Plaintiff's counsel has also represented to the Court that he presently has no plans to take further discovery before the July 5 trial date. Based on that representation, the Court denies defendants' motion to stay the action pending further discovery. The denial, however, is without prejudice to renewal should plaintiff seek to take further discovery prior to the trial.

2. Both parties refer to New York law and apparently agree that it is the applicable legal standard.

3. American relies on *Clancy v. Port of New York Authority,* 55 A.D.2d 587, 389 N.Y.S.2d 615 (1st Dep't 1976), for the proposition that New York courts do not recognize pre-impact pain and suffering. In *Clancy,* however, the Court dismissed the pain and suffering claim on the ground that the decedent had died immediately after the accident and apparently did not consider the issues of pre-impact mental trauma. See 389 N.Y.S.2d at 616.

this claim. American essentially contends that plaintiff cannot adduce sufficient proof to justify an inference that Malacynski experienced fear and/or was aware that she faced probable death prior to the aircraft's crash. Plaintiff, however, has indicated to the Court that he intends to produce the testimony of an eyewitness to the crash as well as certain evidence obtained from public documents on file with the National Transportation Safety Board, which investigated the accident, and Malacynski's seat assignment in the aircraft. Despite the fact that none of this evidence was available to the Court for its review in connection with this motion, American insists that the claim should be "summarily dismissed." This I refuse to do.

Although the Court is inclined to believe that the evidence as described by plaintiff's counsel would support an inference that Malacynski knew she was in immediate danger of injury when the aircraft turned nose-up and rolled over due to the loss of an engine, the Court will be able to determine at trial whether plaintiff has presented a sufficient case on this claim. Accordingly, American's motion is denied without prejudice to renewal at the close of plaintiff's case at trial.

SO ORDERED.