OPINION OF THE COURT
Kenneth H. Lange, J.
This action to recover damages for emotional and economic harm allegedly occasioned as the result of the malfunction of a General Motors automobile presents two significant questions. First, can the plaintiff state a cause of action for emotional injuries in the absence of any physical symptoms? Second, is the exclusion of consequential damages from the General Motors limited warranty (and specifically the cost of renting a replacement vehicle) unconscionable and therefore unenforceable? These issues have been raised by means of a motion by defendant Van Brunt Motors for summary judgment and a cross motion for the same relief by defendant General Motors.
The facts of the matter, insofar as they are relevant to this determination, are alleged by plaintiffs as follows; On October 28, 1978, the plaintiffs were riding in a 1978 Cadillac automobile, when it apparently malfunctioned, was thrown out of control, and came to a sudden stop at the side of the road. The automobile had been purchased the previous year by a partnership of which plaintiff Anthony Fusco is a principal, and was still under warranty. As a result of the incident, the plaintiffs claim to have suffered “great mental anguish, mental suffering *999 and nervous upsets”. They did not sustain any physical injury, however, and have not identified any physical symptoms resulting from the emotional harm.
The plaintiffs further allege that shortly after the incident they delivered the vehicle to defendant Van Brunt Motors for the necessary warranty repairs, but that no repairs were made for a period of seven months. They then removed the automobile from defendant Van Brunt and had it repaired elsewhere. In the third cause of action, plaintiff Anthony Fusco seeks to recover the cost of the repair, the cost of repairing damage to the automobile which occurred while it was in Van Brunt’s possession, and the cost of renting a car for the entire period he was without the vehicle. These damages allegedly amount to more than $5,600. The General Motors limited warranty expressly precludes recovery of the cost of a rental vehicle as consequential damages.
The moving papers have raised additional questions concerning plaintiffs’ responsibility for the damages incurred and for alleged failure to mitigate their damages. These are issues of fact, however, and cannot be resolved at this stage of the proceedings. The only issues properly before this court are the two questions of law presented: the sufficiency of the claim for emotional damages, and the validity of the warranty limitation as a defense.
i
The question of recovery for emotional disturbance has long troubled the courts of this State. The interplay between the difficulty of proof in such circumstances and public policy considerations militating against the imposition of liability has given rise to serious and prolonged debate over the propriety of such relief. The last three decades, however, have witnessed a revolution in this field. It was not until 1961, for instance, that the rule of Mitchell v Rochester Ry. Co. (151 NY 107), prohibiting recovery for injuries resulting from fright negligently incurred, was abrogated by a divided Court of Appeals (see, Battalia v State of New York, 10 NY2d 237). Other decisions in this area resulted injustice in particular cases but lacked conceptual consistency.
Recently, however, in Kennedy v McKesson Co. (58 NY2d 500), the Court of Appeals distilled from these decisions three distinct lines of cases. The first line deals with the situation where the defendant owes a duty of care directly to the plaintiff. It recognizes that a “breach of that duty resulting directly in emotional harm is compensable even though no physical injury *1000 occurred” (58 NY2d, at p 504). The second group of cases concerns the situation where the plaintiff is emotionally harmed as a result of witnessing injury to a third person, to whom the defendant owed a duty of care. It was in this context that the “zone of danger” rule was developed. The third line involves “the violation of a duty to plaintiff which results in physical injury to a third person but only financial or emotional harm or both to the plaintiff” (58 NY2d, at p 505). The general rule to be derived from these cases is that: “[Tjhere is no duty to protect from emotional injury a bystander to whom there is otherwise owed no duty, and, even as to a participant to whom a duty is owed, such injury is compensable only when a direct, rather than a consequential, result of the breach.” (58 NY2d, at p 506.)
The majority of the strongly disputed cases arise under the second and third lines, with the courts dividing over the existence or extent of the duty owed to the plaintiff. In Johnson v Jamaica Hosp. (95 AD2d 598, revd 62 NY2d 523), for instance, the Appellate Division, Second Department, held that the plaintiffs .could recover for emotional harm incurred when their infant daughter, left for treatment in the hospital’s nursery, was kidnapped. The court reasoned that in negligently protecting the infant, the defendant had breached its duty to the plaintiff parents, to care for her in loco parentis, as it were. Justice Bracken, in dissent, argued that no such direct duty exists, and that in the absence of such a direct duty no action for emotional damage could be maintained (95 AD2d, at pp 603-609). The Court of Appeals agreed with Justice Bracken and reversed, reasoning essentially along the same lines. A similar dispute in Kennedy v McKesson Co. (58 NY2d 500, supra) prompted Judge Jasen to argue, in dissent, that there really are, or at least should be, only two lines of cases, distinguished by the existence, or nonexistence, of a duty owed directly to the plaintiff (p 509).
In the case at bar, however, there is no dispute that the defendants owed a duty of care directly to the plaintiffs to refrain from negligence in the construction of the vehicle in question (with respect to defendant General Motors Corporation) and to refrain from selling a negligently constructed vehicle (with respect to defendant Van Brunt Motors, Inc.). Furthermore, both defendants undertook a duty pursuant to their warranties, express in the case of General Motors, and implied in the case of Van Brunt Motors (see, UCC 2-314). This case, therefore, fits squarely within the first line of decisions.
Even though duty is clear, liability is not automatic in the case of a claim for emotional harm. A review of the cases in this *1001 area reveals that the courts have imposed what is essentially a high threshold standard for the sufficiency of such claims.
The progenitor of the first line of emotional harm decisions is Ferrara v Galluchio (5 NY2d 16). In Ferrara, the plaintiff was awarded $15,000 in damages for mental anguish (“cancerophobia”), incurred as a result of a statement by a dermatologist treating her for radiation burns that such burns might lead to cancer. The radiation burns were caused by the negligence of the defendants, other physicians who specialized in X-ray therapy. The court recognized that freedom from mental disturbance is a protected interest in this State. In confronting the problems of “ ‘vexatious suits and fictitious claims’ ”, the principal objection to such relief, the court adopted the reasoning of Dean Prosser that these problems were not insuperable and should not preclude the assertion of such a cause of action, at least where there is “some guarantee of genuineness in the circumstances of the case” (5 NY2d, at p 21). The court, therefore, affirmed the award, finding that it was “entirely plausible” under the circumstances that plaintiff would have suffered emotional harm (5 NY2d, at p 22).
The court reached the same result, in a slightly different context, in Battalia v State of New York (10 NY2d 237, supra). It was in Battalia that the court overruled Mitchell v Rochester Ry. Co. (151 NY 107, supra), and specifically permitted recovery for negligently induced emotional harm without “impact”. Distinguishing between the sufficiency of the cause of action itself and the difficulty a plaintiff faces in proving it, the court held that “[allthough fraud, extra litigation and a measure of speculation are, of course, possibilities, it is no reason for a court to eschew a measure of its jurisdiction” (10 NY2d, at pp 240-241). The court stated further: “[T]he question of proof in individual situations should not be the arbitrary basis upon which to bar all actions, and ‘it is beside the point * * * in determining sufficiency of a pleading’. (Woods v. Lancet, 303 N. Y. 349, 356, supra). In many instances, just as in impact cases, there will be no doubt as to the presence and extent of the damage and the fact that it was proximately caused by defendant’s negligence. In the difficult cases, we must look to the quality and genuineness of proof, and rely to an extent on the contemporary sophistication of the medical profession and the ability of the court and jury to weed out the dishonest claims” (10 NY2d, at p 242).
Despite the broad language employed in Battalia (supra), however, it is clear that the threshold requirement of a “guarantee of genuineness”, first articulated in Ferrara (supra), has not *1002 been abandoned. In Johnson v State of New York (37 NY2d 378), the court considered the sufficiency of a cause of action for emotional harm, without any physical injury, occasioned by the negligence of the defendant State hospital in informing the plaintiff that her mother, a patient in the hospital, had died. The court acknowledged the reluctance of courts to permit such recovery, but noted certain generally recognized exceptions, each of which was marked by the “ ‘especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious’ ” (37 NY2d, at p 382). The court went on to hold that the recognized exceptions were not necessarily exclusive, and that in the situation presented, recovery should be allowed. Based upon the holdings in Ferrara and Battalia, the court in Johnson enunciated the rule to be applied to claims of this sort: “[R]ecovery for emotional harm to one subjected directly to the tortious act may not be disallowed so long as the evidence is sufficient to show causation and substantiality of the harm suffered, together with a ‘guarantee of genuineness’ to which the court referred in the Ferrara case” (37 NY2d, at pp 383-384).
In the case at bar, the defendants cannot dispute their duty to the plaintiffs, and have not yet had the opportunity to contest causation or the amount of the damages. The sole question before this court, with respect to the first and second causes of action, is whether the guarantee of genuineness implicit in the pleaded facts is sufficient to state a cause of action. Although the procedural vehicle by which this matter is before the court is a motion for summary judgment pursuant to CPLR 3212, the question presented is not whether issues of fact exist for trial, but rather whether as a matter of law the complaint states a cause of action. The court will therefore treat it as a motion to dismiss pursuant to CPLR 3211.
Apparently there is only one reported case addressing the viability of a cause of action for emotional harm resulting from the trauma of riding in a negligently manufactured automobile when it malfunctioned severely. In Ford v Village Imports (92 AD2d 717), the Appellate Division, Fourth Department, affirmed the dismissal of such a cause of action, without, however, addressing the question of guarantees of genuineness. The court held that the absence of “proof of a traumatic event that caused the plaintiff to fear for her own safety” (p 718) was fatal to the claim. It is not clear, however, that a traumatic event is a necessary element of the guarantees of genuineness.
Despite its succinct statement of the rule, the Court of Appeals has not yet had the opportunity to flesh out its definition of *1003 guarantees of genuineness. Ferrara, Battalia and Johnson (supra) all presented factual situations in which the possibility of resulting emotional harm could be intuitively recognized. As one court has put it, the guarantees of genuineness are found in “the type of unordinary situation where it is readily apparent to a layman that some emotional distress would be caused to claimants by the subject events” (Jenkins v State of New York, 119 Misc 2d 144, 146). Or, to put it another way, there must be “some comprehensible link between such injury and the alleged wrongful act” (Campbell v Westmoreland Farm, 270 F Supp 188, 191).
The court is unable to find such a link in the case at bar. Plaintiffs’ claim is that due to defective manufacturing, the automobile in which they were riding “was thrown out of control for no apparent reason and came to a sudden stop with a frightening noise and hit the curb.” As a result, they claim to have “sustained great mental anguish, mental suffering and nervous upsets.” However distressing it may be to be riding in an automobile which malfunctions suddenly and severely, it is the opinion of this court that these facts do not lead to the intuitive recognition that emotional harm will ensue.
As anyone who drives will attest, automobiles break down all the time, due to faulty manufacturing or otherwise. It is not uncommon even for an automobile to come to a sudden stop, startling those who may be riding in it. As unfortunate and annoying as these occurrences may be, they are dealt with on a regular basis without any resulting mental injury.
Simply put, these are not “unordinary” situations in which emotional harm can be expected. They lack the necessary “comprehensible link” between mental injury and the tortious act. This is not to say that there may not be circumstances in which the malfunction of an automobile may result in compensable mental harm, without accompanying physical symptoms. But this case does not present such a situation, and in the absence of “guarantees of genuineness”, the claims asserted in the first two causes of action cannot stand. The defendants are entitled to summary judgment.
ii
There is no question that the limited warranty which accompanied the purchase of a 1978 Cadillac automobile does not cover such consequential damages as car rental costs. Describing these items as “Extra Expenses”, the warranty booklet states the following: “This warranty does not cover payment for *1004 loss of the use of the car during warranty repairs. This includes lodging bills, car rentals, other travel costs or loss of pay.”
While the manufacturer is permitted to so limit the purchaser’s remedies (see, UCC 2-719 [3]), this court is not bound by this exclusion and may refuse to enforce it upon a finding that the exclusion is unconscionable. This is, of course, true of any contractual provision (see, UCC 2-302 [1]), but is explicitly authorized with respect to the limitation or exclusion of warranty remedies (see, UCC 2-719 [2]).
Before exercising this power, however, the court is required to hold a hearing, at which “the parties shall be afforded a reasonable opportunity to present evidence as to [the allegedly unconscionable clause’s] commercial setting, purpose and effect” (UCC 2-302 [2]). The determination of defendants’ motion with respect to the third cause of action must therefore await the conclusion of the required hearing.
in
Accordingly, the motion of defendant Van Brunt Motors and the cross motion of defendant General Motors, both for summary judgment dismissing the complaint, are disposed of as follows: The motion is granted insofar as it is addressed to the first and second causes of action, and those causes of action are dismissed. With respect to the third cause of action, defendant General Motors is directed to place the matter on the Hearing Calendar by filing a note of issue and paying the requisite fees. Determination of the issue raised by this branch of the motion is held in abeyance pending such hearing.