■ Alfred Khalil, Appellant, v Herbert Marion et al., Respondents, et al., Defendants. [606 NYS2d 652] —Judgment, Supreme Court, New York County (Peter Tom, J.), entered December 16, 1992, which, after a jury trial, awarded plaintiff as against defendants Herbert Marion and Blake Business School the sum of $7,500 for pain and suffering, unanimously affirmed, without costs. Appeal from order of the same court and Justice entered October 28, 1992, which, *inter alia,* denied plaintiff's motion to set aside the jury award as inadequate and for a new trial on the issue of damages, unanimously dismissed as subsumed within the appeal from the final judgment, without costs.

The IAS Court did not abuse its discretion in denying the plaintiff's motion seeking to admit into evidence certain photographs allegedly depicting plaintiff's injuries, where, as here, the record reveals, and the IAS Court specifically found, that the plaintiff violated a Preliminary Conference Order, dated April 26, 1989, by failing to exchange the photographs in question on or before June 5, 1989; where the photographs were concededly first offered as evidence on the eve of trial, during the direct examination of the plaintiff, to the surprise of defense counsel, and where the plaintiff failed to lay a proper foundation for their admission, as required, by establishing, through testimony or otherwise, that the photographs fairly and accurately represented the condition of the plaintiff's body and the injuries sustained by the plaintiff as a

direct result of the alleged assault *(Clancy v Port of N. Y. Auth.,* 55 AD2d 587, 588).

Nor did the IAS Court abuse its discretion in denying the plaintiff's motion seeking to set aside the jury award as inadequate and for a new trial on the issue of damages. Plaintiff failed to produce at trial any objective medical testimony by his treating physicians as to the medical causation or permanency of his alleged injuries, failed to avail himself of the mechanism provided by CPLR 4518 for the certification and admission of hospital records, and failed to lay a proper foundation for the introduction of medical documentation at trial. Plaintiff thus failed to demonstrate that the jury award deviated materially from what is considered reasonable compensation for the injury sustained (CPLR 5501 [c]). Concur— Sullivan, J. P., Asch, Rubin, Nardelli and Williams, JJ.